IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BRITE SMART CORP. § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civ. Action No. 2:14-cv-760 |
| § | |
| GOOGLE INC. § | JURY DEMANDED |
| § | |
| *Defendant*. § | |
| § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Brite Smart Corp. ("Brite Smart" or "Plaintiff") files this complaint for patent infringement against Google Inc. ("Google" or "Defendant") and states as follows:

### NATURE OF ACTION

1. This is a patent infringement action in which Brite Smart seeks compensatory damages, past and future, amounting to no less than a reasonable royalty. In the Internet advertising industry, advertisers are often charged on a pay-per-click basis whereby the advertiser pays for each time an Internet user is directed to their website or advertisement. These pay-per-click charges are the primary source of revenue for providers of Internet advertising. As pay-per-click charges may be very significant costs for Internet advertisers, such advertisers seek to ensure that the clicks for which they are charged reflect genuine interest in the advertisers' products and services from Internet users and are not clicks that only serve to inflate the charges for which advertisers are responsible, otherwise known as "invalid clicks" or "click-fraud." It has been reported that about 36% of all web traffic is considered fake, the product of computers hijacked by viruses and programmed to visit sites. Patrick Zuili, inventor of U.S. Patent Nos.

7,249,104 ("the '104 patent"), 7,953,667 ("the '667 patent"), 8,326,763 ("the '763 patent"), and 8,671,057 ("the '057 patent") (collectively "the patents-in-suit"), invented a technology for reducing invalid clicks or click-fraud by enabling advertisement-providers such as search engines to detect clicks that likely do not reflect bona-fide indications of Internet users' interest. Google has used, and continues to use, the patented technology unlawfully.

2. Google operates a search website and a search advertising platform on the Internet. In response to search queries, Google returns search results pages with a list of "natural" or "algorithmic" results from the search engine and where applicable, a list of "paid for" search advertising or "sponsored links" placed on the side of the search engine (typically on the right side of the search engine page results). Google controls the Internet's largest ad network in the world, and dominates the markets of search engine usage and search-driven Internet advertising. Google's highly profitable advertising platform (known as "AdWords") receives the overwhelming majority of its revenue from search advertising.

3. Search advertisements are normally sold on a "cost per click" or "CPC" basis whereby advertisers pay the search website each time their ad is clicked by a user of the search website. If a search ad is shown on a search-results page, but not clicked, then the advertiser generally does not pay.

4. Google displays CPC advertising on its own search engine, and also on other websites through its "AdSense" program. Through AdSense, other website operators display advertisements on their website. The underlying advertiser must pay for each "click" by an Internet user on their AdSense advertisement. Google also allows

advertisers to purchase advertising on other websites through its DoubleClick Bid Manager. Advertising revenues are then split between Google and the third party website.

## THE PARTIES

5. Plaintiff Brite Smart Corp. is a corporation organized under the laws of Delaware with its principal place of business at 110 North College Avenue, Suite 1504, Tyler, Texas 75702.

6. Google, Inc. is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043. Google's registered agent for service in Texas is Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. Jurisdiction as to these claims is conferred on this Court by 35 U.S.C. §§1331 and 1338(a).

8. Venue is proper within this District under 28 U.S.C. §§1391 and 1400(b). On information and belief, Google has committed acts of infringement in this District, has purposely transacted business in this District, has advertised and solicited business in this District, has committed acts of infringement in this District, and has established minimum contacts within this District

9. This Court has personal jurisdiction over Google because, on information and belief, Google has conducted and does conduct business within this District, has committed acts of infringement in this District, and continues to commit acts of

infringement in this District. On information and belief, Google generates millions of dollars of search advertising revenue in this District. On information and belief, at least hundreds of thousands of residents within this District use Google's website and thus generate search advertising revenue.

## First Claim for Patent Infringement ('104 patent)

10. Brite Smart incorporates by reference paragraphs 1-9 as if fully set forth herein.

11. On July 24, 2007, United States Patent No. 7,249,104 ("the '104 patent") entitled "Pay-Per-Click System And Method That Determine Whether A Requested Link To A Merchant Website Is Legitimate Or Fraudulent" was duly and legally issued after full and fair examination. Brite Smart is the owner of all right, title, and interest in and to the '104 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income. The '104 patent is attached hereto as Exhibit A.

12. The '104 patent is valid and enforceable.

13. Upon information and belief, Google has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '104 patent in this judicial district and elsewhere in the United States, by making, using, operating, and putting into service pay-per-click advertising services and systems, including, for example and without limitation, those used in connection with Google's search engine, AdWords, DoubleClick, and AdSense.

14. Google has been at no time, either expressly or impliedly, licensed under the '667 patent.

15. Google's acts of infringement have caused damage to Brite Smart. Brite Smart is entitled to recover from Google the damages sustained by Brite Smart as a result of the wrongful acts of Google in an amount subject to proof at trial.

16. Brite Smart reserves the right to amend to assert a claim of willful infringement if the evidence obtained in discovery supports such assertion.

**Second Claim for Patent Infringement ('667 patent)**

17. Brite Smart incorporates by reference paragraphs 1-16 as if fully set forth herein.

18. On May 31, 2011, United States Patent No. 7,953,667 ("the '667 patent") entitled "Method And System To Detect Invalid And Fraudulent Impressions And Clicks In Web-Based Advertisement Systems" was duly and legally issued after full and fair examination. Brite Smart is the owner of all right, title, and interest in and to the '667 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income. The '667 patent is attached hereto as Exhibit B.

19. The '667 patent is valid and enforceable.

20. Upon information and belief, Google has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '667 patent in this judicial district and elsewhere in the United States, by making, using, operating, and putting into service pay-per-click advertising services and systems,

including, for example and without limitation, those used in connection with Google's search engine, AdWords, DoubleClick, and AdSense.

21. Google has been at no time, either expressly or impliedly, licensed under the '667 patent.

22. Google's acts of infringement have caused damage to Brite Smart. Brite Smart is entitled to recover from Google the damages sustained by Brite Smart as a result of the wrongful acts of Google in an amount subject to proof at trial.

23. Brite Smart reserves the right to amend to assert a claim of willful infringement if the evidence obtained in discovery supports such assertion.

### Third Claim for Patent Infringement ('763 patent)

24. Brite Smart incorporates by reference paragraphs 1-23 as if fully set forth herein.

25. On December 4, 2012, United States Patent No. 8,326,763 ("the '763 patent") entitled "Method And System To Detect Invalid And Fraudulent Impressions And Clicks In Web-Based Advertisement Systems" was duly and legally issued after full and fair examination. Brite Smart is the owner of all right, title, and interest in and to the '763 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income. The '763 patent is attached hereto as Exhibit C.

26. The '763 patent is valid and enforceable.

27. Upon information and belief, Google has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '763 patent in this judicial district and elsewhere in the United States, by making, using,

operating, and putting into service pay-per-click advertising services and systems, including, for example and without limitation, those used in connection with Google's search engine, AdWords, DoubleClick, and AdSense.

28. Google has been at no time, either expressly or impliedly, licensed under the '763 patent.

29. Google's acts of infringement have caused damage to Brite Smart. Brite Smart is entitled to recover from Google the damages sustained by Brite Smart as a result of the wrongful acts of Google in an amount subject to proof at trial.

30. Brite Smart reserves the right to amend to assert a claim of willful infringement if the evidence obtained in discovery supports such assertion.

**Fourth Claim for Patent Infringement ('057 patent)**

31. Brite Smart incorporates by reference paragraphs 1-30 as if fully set forth herein.

32. On March 11, 2014, United States Patent No. 8,671,057 ("the '057 patent") entitled "Method And System To Detect Invalid And Fraudulent Impressions And Clicks In Web-Based Advertisement Systems" was duly and legally issued after full and fair examination. Brite Smart is the owner of all right, title, and interest in and to the '057 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income. The '057 patent is attached hereto as Exhibit D.

33. The '057 patent is valid and enforceable.

34. Upon information and belief, Google has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '057

patent in this judicial district and elsewhere in the United States, by making, using, operating, and putting into service pay-per-click advertising services and systems, including, for example and without limitation, those used in connection with Google's search engine, AdWords, DoubleClick, and AdSense.

35. Google has been at no time, either expressly or impliedly, licensed under the '057 patent.

36. Google's acts of infringement have caused damage to Brite Smart. Brite Smart is entitled to recover from Google the damages sustained by Brite Smart as a result of the wrongful acts of Google in an amount subject to proof at trial.

37. Brite Smart reserves the right to amend to assert a claim of willful infringement if the evidence obtained in discovery supports such assertion.

## DEMAND FOR JURY TRIAL

Brite Smart hereby demands a jury for all issues so triable.

## PRAYER

WHEREFORE, Brite Smart respectfully requests that the Court:

1. Enter judgment that Google has infringed the '104, '667, '763, and '057 patents;

2. Award Brite Smart compensatory damages for Google's infringement of the '104, '667, '763, and '057 patents, together with enhanced damages, costs, and pre- and post-judgment interest; and

3. Award any other relief deemed just and equitable.

DATED: July 10, 2014					Respectfully submitted,


							/s/ *Stafford Davis* (with permission)
							Stafford Davis
							State Bar No. 24054605
							Email: sdavis@stafforddavisfirm.com
							**THE STAFFORD DAVIS FIRM, PC**
							305 South Broadway
							Suite 406
							Tyler, TX 75702
							Phone: (903) 593-7000
							Fax: (903) 703-7369

							Robert D. Katz
							Lead Attorney
							State Bar No. 24057936
							Email: rkatz@katzlawpllc.com
							**KATZ PLLC**
							6060 N. Central Expressway, Suite 560
							Dallas, TX 75206
							Phone: (214) 865-8000

							**ATTORNEYS FOR PLAINTIFF**
							**BRITE SMART CORP.**