IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BRITE SMART CORP, <br><br> Plaintiff, <br><br> vs. <br><br> GOOGLE INC., <br><br> Defendant. | 2:14-cv-00760-JRG <br><br> **DEMAND FOR JURY TRIAL** |

**DEFENDANT GOOGLE INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Google Inc. ("Google" or "Defendant"), by and through its counsel of record, hereby file its Answer to the Complaint filed by Brite Smart Corp. ("Brite Smart" or "Plaintiff") in the above-referenced case on July 10, 2014 (D.I. 1):

**ANSWER TO COMPLAINT**

Any allegations of the Complaint not specifically admitted are denied.

**NATURE OF ACTION**

1. Defendant admits only that this is a patent infringement action in which Brite Smart seeks compensatory damages. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies such allegations in paragraph 1 of the Complaint.

2. Defendant admits only that Google operates a search website and a search advertising platform called AdWords. Defendant denies the remaining allegations contained in paragraph 2 of the Complaint.

3. Defendant admits only that search advertisements may be sold on a cost-per-click basis. Defendant denies the remaining allegations contained in paragraph 3 of the Complaint.

4. Defendant admits only that Google employs cost-per-click advertising on Google's search engine and on other websites through AdSense and that Google offers advertising services through DoubleClick. Defendant denies all other allegations contained in paragraph 4 of the Complaint.

## THE PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies such allegations in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. Defendant admits that Brite Smart's Complaint purports to state a claim arising under the patent laws of the United States and that this Court has subject matter jurisdiction over certain patent infringement allegations under 28 U.S.C. §§ 1331 and 1338(a), but lacks sufficient information to admit or deny that subject matter jurisdiction exists over this case and, accordingly, denies that it does. Defendant denies the remaining allegations contained in paragraph 7 of the Complaint.

8. Defendant admits only that its services are offered in the State of Texas. Defendant specifically denies that venue is more proper or more convenient here than in other jurisdictions pursuant to Federal Rule of Civil Procedure § 1404(a). Defendant denies the remaining allegations contained in paragraph 8 of the Complaint.

9. Defendant admits only that its services are offered in the State of Texas. Defendant denies all other allegations contained in paragraph 9 of the Complaint.

**First Claim for Patent Infringement ('104 patent)**

10. Defendant restates and incorporates by reference each and every response to paragraphs 1-9 as though fully set forth herein.

11. Defendant admits only that Brite Smart attaches to the Complaint as Exhibit A a document that purports to be a true and correct copy of U.S. Patent No. 7,249,104 ("the '104 patent"), the face of which shows the title "Pay-Per-Click System And Method That Determine Whether A Requested Link To A Merchant Website Is Legitimate Or Fraudulent" and the assignee Brite Smart LLC. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore denies such allegations.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and therefore denies such allegations.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint contains only a legal conclusion to which no response is required.

**Second Claim for Patent Infringement ('667 patent)**

17. Defendant restates and incorporates by reference each and every response to paragraphs 1-16 as though fully set forth herein.

18. Defendant admits only that Brite Smart attaches to the Complaint as Exhibit B a document that purports to be a true and correct copy of U.S. Patent No. 7,953,667 ("the '667 patent"), the face of which shows the title "Method And System To Detect Invalid And

Fraudulent Impressions And Clicks In Web-Based Advertisement Systems" and the assignee Britesmart Corp. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and therefore denies such allegations.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and therefore denies such allegations.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint contains only a legal conclusion to which no response is required.

**Third Claim for Patent Infringement ('763 patent)**

24. Defendant restates and incorporates by reference each and every response to paragraphs 1-23 as though fully set forth herein.

25. Defendant admits only that Brite Smart attaches to the Complaint as Exhibit C a document that purports to be a true and correct copy of U.S. Patent No. 8,326,763 ("the '763 patent"), the face of which shows the title "Method And System To Detect Invalid And Fraudulent Impressions And Clicks In Web-Based Advertisement Systems" and the assignee Britesmart Corp. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and therefore denies such allegations.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, and therefore denies such allegations.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint contains only a legal conclusion to which no response is required.

### Fourth Claim for Patent Infringement ('057 patent)

31. Defendant restates and incorporates by reference each and every response to paragraphs 1-30 as though fully set forth herein.

32. Defendant admits only that Brite Smart attaches to the Complaint as Exhibit D a document that purports to be a true and correct copy of U.S. Patent No. 8,671,057 ("the '057 patent"), the face of which shows the title "Method And System To Detect Invalid And Fraudulent Impressions And Clicks In Web-Based Advertisement Schemes" and the assignee Britesmart Corp. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, and therefore denies such allegations.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, and therefore denies such allegations.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint contains only a legal conclusion to which no response is required.

## PRAYER

Defendant denies that Brite Smart is entitled to any of the relief it has requested in its Prayer or any relief whatsoever.

## DEFENSES

Subject to the responses above, Google alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

### FIRST DEFENSE
(FAILURE TO STATE A CLAIM)

38. Brite Smart's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
(PROSECUTION HISTORY ESTOPPEL)

39. On information and belief, prosecution history estoppel and/or prosecution disclaimer precludes any finding of infringement.

### THIRD DEFENSE
(INVALIDITY)

40. On information and belief, each and every claim of the '104 patent, the '667 patent, the '763 patent, and the '057 patent (collectively, "Asserted Patents") is invalid for failure to comply with the patent laws, including, but not limited to, 35 U.S.C. §§ 101-103 and 112.

### FOURTH DEFENSE
(NON-INFRINGEMENT)

41. Defendant has not infringed and does not infringe any valid claim of the Asserted Patents, either directly or indirectly, literally, or under the doctrine of equivalents.

### FIFTH DEFENSE
### (LACHES, WAIVER, ESTOPPEL, ACQUIESCENCE, UNCLEAN HANDS, AND IMPLIED LICENSE)

42. Brite Smart's claims for relief are barred in whole or in part by laches, waiver, estoppel, acquiescence, unclean hands, and/or implied license.

### SIXTH DEFENSE
### (FAILURE TO PROVIDE NOTICE PURSUANT TO 35 U.S.C. § 287)

43. Brite Smart's ability to recover for any alleged infringement is limited by the failure of Brite Smart and/or its licensees to meet the requirements of 35 U.S.C. § 287.

### SEVENTH DEFENSE
### (LIMITATION OF DAMAGES)

44. Brite Smart's claim for damages is limited pursuant to 35 U.S.C. § 286.

### TENTH DEFENSE
### (ADEQUATE REMEDY AT LAW)

45. Brite Smart is not entitled to injunctive relief because, *inter alia*, any alleged injury to Brite Smart is not immediate and/or irreparable, and Brite Smart has an adequate remedy at law.

### ELEVENTH DEFENSE
### (EXHAUSTION)

46. Brite Smart is barred from recovery pursuant to the doctrine of first sale or exhaustion.

### TWELFTH DEFENSE
### (VENUE)

47. Venue is not more proper and/or more convenient in this district pursuant to Rule 1404(a) of the Federal Rules of Civil Procedure.

### RESERVATION OF DEFENSES

Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil

Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Google Inc. prays as follows:

    A.    That Brite Smart takes nothing by reason of the Complaint herein and that this action be dismissed in its entirety;

    B.    That Defendant be awarded its fees and costs associated with its defense in this suit; and

    C.    For such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Google demands a trial by jury on all issues so triable.

September 8, 2014

Respectfully submitted by:

*/s/ Michael E. Jones*
Michael E. Jones
SNB: 10929400
POTTER MINTON LLP
110 N College Avenue, Suite 500
Tyler, TX 75702
903-597-8311
mikejones@potterminton.com

OF COUNSEL:

MAYER BROWN LLP
A. John P. Mancini (*pro hac vice to be submitted*)
Amr O. Aly (*pro hac vice to be submitted*)
1675 Broadway
New York, NY 10019
(212) 506 -2500
*Attorneys for Defendant Google Inc.*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 8, 2014.

                                                */s/ Michael E. Jones*