# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BRITE SMART CORP,<br><br>    Plaintiff,<br><br>vs.<br><br>GOOGLE INC.,<br><br>    Defendant. | 2:14-cv-00760-JRG |

## DEFENDANT GOOGLE'S OPPOSITION TO PLAINTIFF BRITE SMART'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Defendant Google Inc. ("Google") respectfully submits this Opposition to the above-captioned Plaintiff's motion for leave to file an amended complaint.

## I. SUMMARY OF THE ARGUMENT

Google would be prejudiced if the Court grants Brite Smart's motion for leave to file an amended complaint but does not modify the proposed docket control order because Google would have had only a month and a half—including Thanksgiving—to conduct prior art search and prepare invalidity contentions for the new patent and because the claims of the new patent have different scope than the claims of the four originally asserted patents. If the Court is inclined to grant leave for Brite Smart to amend the complaint to add a fifth patent, then Google respectfully requests an opportunity to negotiate with Brite Smart a docket control order that would allow for an efficient and streamlined approach to dealing with the added scope of the case.

## II. BACKGROUND FACTS

On July 10, 2014, Brite Smart filed its original complaint, alleging infringement of four

1

patents-in-suit. (D.I. 1.) On October 28, more than three months after filing its original complaint and a few days before serving its infringement contentions, Brite Smart moved for leave to file an amended complaint, seeking to introduce into this case a new patent that issued on that same day. (D.I. 21.) On November 3, the Court held a scheduling conference. (D.I. 24.) Also, on November 3, Brite Smart served its infringement contentions, with regards to only the four presently-asserted patents. (*Id*.) On November 12, the parties jointly moved for an entry of a docket control order. According to the joint proposed docket control order, Google's invalidity contentions are due on December 15, just seven weeks after the new patent issued. (Joint Motion for Entry of Docket Control Order.) The deadline to exchange proposed claim terms is February 24, 2015. (*Id.*) The Court has set the Markman hearing date to June 30, 2015. (*Id.*) This Markman date "cannot be changed without showing good cause." (*Id*. at 4.)

**III. ARGUMENT**

Federal Rule of Civil Procedure 15(a)(2) provides that, after a certain time limit, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[1] Although Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," granting such leave to amend is not automatic. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir.), *cert. denied*, 454 U.S. 1098 (1981). Brite Smart makes no effort in its motion to show that justice requires the amendments it seeks, and therefore, its motion should be denied on that basis alone.

Further, Patent Rule 3-6(b) states that "[a]mendment or supplementation [of] any

---

[1] In addition, the joint proposed docket control order requires leave of Court to amend pleadings if "the amendment seeks to assert additional patents." (November 12, 2014 Joint Motion for Entry of Docket Control Order, at 3.)

Infringement Contentions or Invalidity Contentions, other than as expressly permitted in P.R. 3-6(a), may be made only by order of the Court, which shall be entered only upon showing of a good cause." Even though adding a new patent to this case would require Brite Smart to amend its infringement contentions, Brite Smart's motion does not mention P.R. 3-6(b) nor the resulting need for a new date for the invalidity contentions relating to the new patent. Furthermore, Brite Smart has not demonstrated good cause for adding a patent to this lawsuit.

Plaintiff failed to show that justice requires adding a new patent to this case. In determining whether justice supports granting a leave to amend, "a district court considers a variety of factors, such as undue delay, bad faith, undue prejudice to the opposing party by allowing the amendment, and futility of the amendment." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991), referring to *Foman v. Davis*, 371 U.S. 178, 182 (1962). Indeed, Brite Smart admits in its motion that undue prejudice to the opposing party is one of the reasons for denying leave. Allowing Brite Smart to introduce a new patent under the proposed docket control order would cause unfair prejudice to Google because that would give Brite Smart undue advantage of litigating a new patent on an existing case schedule, give Brite Smart leverage in early settlement negotiations, impose additional burden and expense on Google for having to deal with issues relating to the new patent in a shortened discovery period, and compromise Google's ability to defend this case. Because of the undue prejudice that the added patent will cause Google, Brite Smart's motion should be denied unless the Court also instructs the parties to negotiate a new docket control order.

If Brite Smart's request to add a patent were allowed under the proposed docket control order, Google would have had only a month and a half—which includes the Thanksgiving holiday—to conduct a new prior art search and prepare invalidity contentions for the new patent. Brite Smart argues that "the '486 patent is a continuation patent in the same family and shares the

same specification as three of the four current patents-in-suit." However, Brite Smart neglects to inform the Court that the new patent recites claims of different scope than the claims of the four originally asserted patents. Google would have to conduct a new prior art search and invalidity analysis because the new patent appears to have a broader claim scope than the originally asserted patents. First, unlike the claims of the four originally asserted patents, the claims of the new patent do not recite the claim limitation of "on a server side" or "on the side of the search engine." Such elimination of a claim limitation arguably expands the claim scope. Second, the claims of the new patent recite "one or more links", instead of "a plurality of links" as in the four originally asserted patents.

Therefore, should the Court determine that justice requires that it grant Brite Smart's leave to amend the complaint, Google requests that the Court also instruct the parties to negotiate anew dates for the deadlines presently contained in the proposed docket control order, including the invalidity contentions and claim construction deadlines. *See Virtual Hold Technology, LLC v. Genesys Telecommunications Laboratories Inc.*, No. 6:04-cv-167-LED, D.I. 51 Order (E.D. Tex. Dec. 8, 20014) (granting motion for leave to file first amended answer and counterclaims, but severing the action involving the newly asserted patent and issuing a new docket control order in the severed case with new dates).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file an amended complaint should be denied unless Plaintiff agrees to negotiate new dates for the deadlines in the proposed docket control order.

| November 17, 2014 | Respectfully submitted by: |
|---|---|
| | */s/ John P. Mancini, with permission by* |
| | *Michael E. Jones* |
| Mayer Brown LLP | Michael E. Jones, SNB: 10929400 |
| A. John P. Mancini (*pro hac vice*) | POTTER MINTON LLP |
| Amr O. Aly (*pro hac vice*) | 110 N College Avenue, Suite 500 |
| 1675 Broadway | Tyler, TX 75702 |
| New York, NY 10019 | 903-597-8311 |
| (212) 506 -2500 | mikejones@potterminton.com |
| jmancini@mayerbrown.com | |
| aaly@mayerbrown.com | *Attorneys for Defendant Google Inc.* |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 17, 2014.

*/s/ Michael E. Jones*