# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BRITE SMART CORP,<br><br>                Plaintiff,<br><br>vs.<br><br>GOOGLE INC.,<br><br>                Defendant. | 2:14-cv-00760-JRG |

## DEFENDANT GOOGLE'S SUR-REPLY IN OPPOSITION TO PLAINTIFF BRITE SMART'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Defendant Google, Inc. ("Google") respectfully submits this sur-reply in opposition to the above-captioned Plaintiff Brite Smart Corp. ("Brite Smart")'s motion for leave to file an amended complaint.

**I.  ARGUMENT**

Brite Smart concedes that it offered to extend the invalidity contentions deadline for the new patent to January 22, 2015. (D.I. 32, at 2-3.) The open issue to be decided by the Court, should the Court grant Brite Smart's motion to amend the complaint, is whether the invalidity contentions deadline and/or the claim construction deadlines for the four presently-asserted patents should be extended as well.

As stated in Google's response brief (D.I. 29), Google requests that, if the Court grants Brite Smart's motion, the Court also issue a new docket control order, or instruct the parties to negotiate a new docket control order, that extends the invalidity contentions and claim construction dates for all patents asserted in the case. Allowing Brite Smart to keep the current

1

schedule, even after Brite Smart adds a new patent to the case three months after the filing of the complaint, would cause prejudice to Google because that would give Brite Smart leverage in early settlement negotiations, impose additional burden and expense on Google for having to deal with issues relating to the new patent in a shorted discovery period, and compromise Google's ability to defend this case.

## A. Brite Smart Filed Its Opposed Motion Prematurely

Brite Smart's reply highlights the fact that Brite Smart blind-sided Google and rushed to file the motion. As Brite Smart admits, Brite Smart notified Google of the new patent, for the first time, only three business days before Brite Smart filed its motion. (D.I. 32, at 1.) Brite Smart failed to give Google's counsel adequate time to analyze the new patent, to discuss it with the client, and to negotiate a modified schedule with Brite Smart. As Brite Smart admits, Google was not necessarily opposed to adding a new patent and was open to negotiating a new deadline for the invalidity contentions, as late as the evening of the day before Brite Smart filed its motion very early the next morning. (D.I. 32, at 2; D.I. 29.) Instead of conferring until "the participants have . . . concluded, in good faith, that the discussions have conclusively ended in an impasse," as required for opposed motions under L.R. 7(h), Brite Smart "jumped the gun" and filed the motion as an opposed motion the next morning. Brite Smart is forcing this Court and Google to expend resources on motion practice that could have been avoided.

## B. Google Has No Obligation To Undertake Efforts to Prepare Invalidity Contentions for a Patent That is Not Yet Asserted in the Record

As an initial matter, Google hereby corrects a misstatement in its opposition brief (D.I. 29), that "Brite Smart served its infringement contentions, with regards to only the four presently-asserted patents." Brite Smart did serve infringement contentions for the new patent as well. Google acknowledges that the statement in its opposition was not accurate, but notes

2

that it was an honest mistake and a harmless factual error.

Regardless, any P.R. 3-1 or 3-2 disclosures associated with an unasserted patent are of no import to the case until, and if, the patent is formally part of the case. Likewise, contrary to what Brite Smart suggests in its reply brief (D.I. 32, at 4), Google is under no obligation to expend resources to initiate a prior art search or prepare invalidity contentions for a patent that has not been asserted in the case yet.

### C. Brite Smart Does Not Refute That the New Patent May Have a Different Claim Scope

Brite Smart does not refute that the claim scope of the new patent may be potentially broader than the claim scope of the presently asserted patents. In its reply brief, Brite Smart includes a table comparing an exemplary claim from a presently asserted patent with an exemplary claim from the new patent. (D.I. 32, at 4). Such comparison shows that the new claims do not include the added limitation of "on a server side," which may be considered to enlarge the scope of the claims that are presently asserted against Google.

## II. CONCLUSION

For the foregoing reasons and the reasons contained in Google's response brief (D.I. 29), Plaintiff's motion for leave to file an amended complaint should be denied unless the docket control order is modified to allow Google adequate time to address the new patent.

December 1, 2014

Mayer Brown LLP
A. John P. Mancini (*pro hac vice*)
Amr O. Aly (*pro hac vice*)
1675 Broadway
New York, NY 10019
(212) 506 -2500
jmancini@mayerbrown.com
aaly@mayerbrown.com

Respectfully submitted by:

*/s/ A. John P. Mancini, with permission by Michael E. Jones*
Michael E. Jones, SBN: 10929400
POTTER MINTON LLP
110 N College Avenue, Suite 500
Tyler, TX 75702
903-597-8311
mikejones@potterminton.com

*Attorneys for Defendant Google Inc.*

3

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 1, 2014.

<em>/s/ Michael E. Jones</em>