**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **BRITE SMART CORP.** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **Civ. Action No. 2:14-cv-760** |
| | § | |
| **GOOGLE INC.** | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Brite Smart Corp. ("Brite Smart")  and  Defendant Google Inc. ("Google"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL." The word

"CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2.      Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.      With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

from any DESIGNATED MATERIALS shall also be considered DESIGNATED

MATERIAL and treated as such under this Order.

4.      A designation of Protected Material (*i.e.*, "CONFIDENTIAL,"  "RESTRICTED

ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE")

may be made at any time.   Inadvertent or unintentional production of documents,

information or material that has not been designated as DESIGNATED MATERIAL shall

not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any party

that inadvertently or unintentionally produces Protected Material without designating it as

DESIGNATED MATERIAL may request destruction of that Protected Material by

notifying the recipient(s), as soon as reasonably possible after the Producing Party

becomes aware of the inadvertent or unintentional disclosure, and providing replacement

Protected Material that is properly designated.  The recipient(s) shall then destroy all copies

of the inadvertently or unintentionally produced Protected Materials and any documents,

information or material derived from or based thereon.

5.      "CONFIDENTIAL" documents, information and material may be disclosed

only to the following persons, except upon receipt of the prior written consent of the

designating party, upon order of the Court, or as set forth in Paragraph 13 herein:

    a.      outside counsel of record in this Action for the Parties;

    b.      employees of such counsel assigned to and reasonably necessary to

    assist such counsel in the litigation of this Action;

    c.      up to and including two (2) in-house counsel for the Parties who are

    members of at least one state bar in good standing, who either have responsibility

for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

d.      up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

e.      outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that:  (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the Producing Party with the consultant's or expert's name, address, curriculum vitae, current employer, employment history for the past ten years, a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding five years, and identification of any patents or patent applications in which the consultant or expert is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest, at least ten (10) days before access to the Protected Material is to be given to that expert or consultant.  The Producing Party has ten (10) days from such notification to object to and notify the Receiving Party in writing that it

objects to disclosure of Protected Material to the consultant or expert.  The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within  seven (7) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.  The failure to file a motion shall constitute withdrawal of the objection.  The actual time for consideration used by the Producing Party and any pending motion time shall not be included in the time allowed for Plaintiff's P.R. 3-1(g) updates, if the expert is disclosed after the date the Source Code Material (defined herein) is produced, meaning the Source Code Material has been made available for inspection.  A party who has not previously objected to disclosure of Protected Material to a consultant or expert or whose objection has been resolved with respect to previously produced information shall not be precluded from raising an objection to a technical adviser at a later time with respect to materials or information that are produced after the time for objecting to such an outside consultant or expert has expired. A party will not make such an objection to an expert or consultant who has been disclosed and working on the case for six months or longer.  Any such objection shall be handled in accordance with the provisions set forth above;

f.        independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services,

and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

g.      the Court and its personnel.

6.      A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or other commercially sensitive information, whether embodied in physical objects, documents, or the factual knowledge of persons, of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.      Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.  All CONFIDENTIAL information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in Paragraph 2, shall be designated by the Producing Party by informing the Receiving Party of the designation in writing.

8.     To the extent a Producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the Producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY."  The RESTRICTED – ATTORNEYS' EYES ONLY designation is reserved for CONFIDENTIAL INFORMATION that constitutes Protected Material that the disclosure of which is likely to cause harm to the competitive position of the Producing Party, including, but not limited to: (a) marketing, financial, sales, web traffic, research and development, or technical, data or information; (b) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (c) information or data relating to future products not yet commercially released and/or strategic plans; and, (d) commercial agreements, settlement agreements or settlement communications..  Documents marked CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL, RESTRICTED CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY shall be treated as if designated RESTRICTED – ATTORNEYS' EYES ONLY.

9.     For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in Paragraphs 5(a-b) and (e-g); provided, however, that access by in-house counsel pursuant to Paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

10.     The RESTRICTED CONFIDENTIAL SOURCE CODE designation is reserved

for CONFIDENTIAL INFORMATION that contains or substantively relates to computer

source code and/or live data (that is, data as it exists residing in a database or databases)

and documents containing source code or algorithms and data upon which the source

code is based ("Source Code Material").  For Protected Material designated

RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions

apply:

     a.     Source Code Material, to the extent any Producing Party agrees or is

ordered to provide any such information, shall ONLY be made available for

inspection, not produced except as provided for below.  Access to a Party's

Source Code Material shall be provided only on two "stand-alone" computers

(that is, the computer may not be linked to any network, including a local area

network ("LAN"), an intranet or the Internet).   The Source Code Material shall

be made available in electronic format at the offices of Producing Party's outside

counsel.  The computers shall exhibit reasonable performance, not be more than

three years old, and have at least twenty-inch monitors to allow on-screen review

of Source Code Material;

     b.     the Receiving Party's outside counsel, experts, or consultants may request

that commercially available licensed software tools for viewing and searching

Source Code, that does not allow for compiling or execution of code, be installed

on the secured computer;

     c.     unless the parties agree otherwise, the non-networked computer shall be

connected to a stand-alone printer. The Producing Party shall ensure that an

adequate amount of paper is reasonably provided. Unless otherwise agreed, the Producing Party shall provide the printed Source Code Material to outside counsel's office.  At the Receiving Party's request, up to two additional sets (or subset) of printed Source Code Material may be requested and provided by the Producing Party in a timely fashion;

d.      use or possession of any input/output device (*e.g.*, USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, or any devices that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the Source Code Material.  To facilitate the taking of notes during the review of Source Code Material, persons admitted into the room containing Source Code Material shall be entitled to take a non-camera enabled, non-networked laptop for note taking that is not connected to any wired or wireless network.  The use of any cameras in the locked room shall be prohibited.  All persons entering the locked room containing the Source Code Material must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the locked room.  Additionally, except as provided in Paragraph 10(r) below, the stand-alone computer(s) may only be located at the offices of the Producing Party's outside counsel;

e.      the Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the Receiving Party, the Producing Party shall make

reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

f.       the Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

g.       the Producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

h.       access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to Paragraph 5(e) above, the Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action.  Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code Material.  If used during a deposition, the deposition record will identify the exhibit by its production numbers while testifying during a deposition   The Receiving Party's outside counsel may only

disclose a copy of the Source Code Material to individuals specified in Paragraph

5(e) above (*e.g.*, Source Code Material may not be disclosed to in-house counsel);

i.       the Receiving Party's outside counsel and/or expert shall be entitled to

take notes relating to the Source Code Material but may not copy any portion of

the Source Code Material into the notes.  No copies of all or any portion of the

Source Code Material may leave the room in which the Source Code Material is

inspected except as otherwise provided herein.  Further, no other written or

electronic record of the Source Code Material is permitted except as otherwise

provided herein;

j.       unless otherwise agreed in advance by the parties in writing, following

each inspection, the Receiving Party's outside counsel and/or experts shall

remove all notes, documents, and all other materials from the room that may

contain work product and/or attorney-client privileged information.  The

Producing party shall not be responsible for any items left in the room following

each inspection session;

k.       the Receiving Party will not copy, remove, or otherwise transfer any

portion of the Source Code Material from the Source Code Computer(s)

including, without limitation, copying, removing, or transferring any portion of

the Source Code Material onto any other computers or peripheral equipment.  The

Receiving Party will not transmit any portion of the Source Code Material in any

way from the location of the Source Code Material inspection;

l.       no person shall copy, e-mail, transmit, upload, download, print,

photograph or otherwise duplicate any portion of the designated Source Code

Material, except as the Receiving Party may request a reasonable number of pages of Source Code Material to be printed by the Producing Party, but only if and to the extent necessary for use in this action.  In no event may the Receiving Party print more than 25 consecutive pages, or an aggregate total of more than 500 pages, of single-spaced Source Code Material during the duration of the case without prior written approval by the Producing Party.  Within three (3) business days or such additional time as necessary due to volume requested, the Producing Party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "RESTRICTED CONFIDENTIAL SOURCE CODE" unless objected to as discussed below.  The printed pages shall constitute part of the Source Code Material produced by the Producing Party in this action.

m.      If the Producing Party objects that the printed portions are not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within three (3) business days. If after meeting and conferring the Producing Party and the Receiving Party cannot resolve the objection (where such meet-and-confer need not take place in person), the Producing Party shall be entitled, but not required, to seek a Court resolution of whether the printed Source Code Material in question is reasonably necessary to any case preparation activity. Contested Source Code Material print outs need not be produced to the requesting party until the matter is resolved by the Court.

n.      A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other

Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

o.      To the extent portions of Source Code Material are quoted in a Source Code Document, either: (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE; or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

p.      Except as set forth in Paragraph 10(r) below, no electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically.  The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code Material is used.  Images or copies of Source Code Material shall not be included in correspondence between the Parties (references to production numbers shall be used instead) and shall be omitted from other papers except to the extent permitted herein.  The Receiving Party shall maintain a log of all electronic images and paper copies of Source Code Material in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored.  Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE;"

q.      if the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition);

r.      a Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under Paragraph 10(h) above to another person authorized under Paragraph 10(h) above, via hand carry, or FedEx, provided that the Receiving Party uses at least a FedEx tracking number and signed delivery confirmation in mailing, shipping, or delivering between such locations. Should such a shipment go missing, the Receiving Party shall timely notify the Producing Party and the Court with specifics.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in Paragraph 10(q) above and is at all times subject to the

transport restrictions set forth herein.  But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer;

s.      a list of names of persons who will view the Source Code Material will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection.  The Receiving Party shall maintain a daily log of the names of persons who enter the locked room to view the Source Code Material and when they enter and depart.  The Producing Party shall be entitled to have a person observe all entrances and exits from the Source Code Material viewing room, and to a copy of the log;

t.      the Receiving Party's outside counsel shall maintain a log of all copies of the Source Code Material (received from a Producing Party) that are delivered by the Receiving Party to any qualified person under Paragraph 10 (h) above.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or qualified person that receives a copy of any portion of the Source Code Material;

u.      All copies of any portion of the Source Code Material in whatever form shall be securely destroyed if they are no longer in use.  Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

11.     Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the filed of the invention of the patents-in-suit, including but not limited to methods and systems for detecting fraudulent clicks by users on websites rendering pay per-click online advertisements, on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for two (2)  years after its conclusion, including any appeals.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.  For the avoidance of doubt, nothing in this provision shall preclude any person who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's Protected Material under this Order from participating in any post-grant proceeding, except that such persons may not directly or indirectly advise, counsel, participate, or assist in drafting, amending or proposing for substitution patent claims in any post-grant proceeding.  Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art to an

attorney involved in patent prosecution for purposes of ensuring that such prior art is

submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign

government) to assist a patent applicant in complying with its duty of candor. Nothing in

this provision shall prohibit any attorney of record in this litigation from discussing any

aspect of this case that is reasonably necessary for the prosecution or defense of any

claim or counterclaim in this litigation with his/her client.

12.     Any person reviewing any of an opposing party's DESIGNATED

MATERIAL shall not, for a period commencing upon receipt of such information and

ending three (3) years following the conclusion of this case (including any appeals)

engage in any Acquisition Activity (as defined below) on behalf of a party asserting a

patent in this case.  Acquisition Activity shall mean any activity related to: (i) the

acquisition of patents or patent applications (for any person or entity) relating to methods

and systems for detecting fraudulent clicks by users on websites rendering pay-per-click

online advertisements; or (ii) advising or counseling clients regarding the same, but not

including instances in which an entity is seeking to acquire patents or patent applications

owned by Brite Smart.

13.     Nothing in this Order shall require production of documents, information or other

material that a Party contends is protected from disclosure by the attorney-client privilege,

the work product doctrine, or other privilege, doctrine, or immunity.  If documents,

information or other material subject to a claim of attorney-client privilege, work product

doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally

produced, such production shall in no way prejudice or otherwise constitute a waiver of,

or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently

or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall gather and return all copies of such documents, information or other material to the Producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the Producing Party.

14.      There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

15.      Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the Producing Party or a current or former officer,

director or employee of a company affiliated with the Producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to Paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party or from the Court.

16.    Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.   Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as RESTRICTED-ATTORNEYS' EYES ONLY.

17.    Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

18.     The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

19.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20.     Each party Receiving Protected Material shall comply with all applicable export control statutes and regulations.  *See*, *e.g.*, 15 CFR 734.2(b).  No Protected Material may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)).  No Protected Material may leave the territorial boundaries of the United States of America.  Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form.  The viewing of Protected Material through electronic means outside the territorial

limits of the United States of America is similarly prohibited.  Notwithstanding this prohibition, Protected Material, exclusive of material designated RESTRICTED CONFIDENTIAL SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.  The restrictions contained within this paragraph may be amended through the consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

21.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

22.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

23.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or give by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs

sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

24.     Within sixty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the Producing Party's election either be returned to the Producing Party or be destroyed.  The Receiving Party shall verify the return or destruction by affidavit furnished to the Producing Party, upon the Producing Party's request.  Notwithstanding the foregoing, outside counsel shall be entitled to maintain two (2) copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and RESTRICTED – ATTORNEYS' EYES ONLY information for archival purposes only.

25.     The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

26.     If at any time documents containing Protected Material are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to counsel for every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents.  If a Producing Party does not take steps to prevent disclosure of such documents within ten business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

27.     Testifying experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery.  In addition, all communications between counsel for a party and that party's testifying expert, and all materials generated by a testifying expert with respect to that person's work, are exempt from discovery unless they relate to the expert's compensation or identify facts, data or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report.

28.     No party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log.  The parties shall exchange their respective privilege document logs at a time to be agreed upon by the parties following the production of documents.

29.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

30.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

31.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

32.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.The United States District Court for the Eastern District of Texas is responsible for the interpretation and enforcement of this Agreed Protective Order.  After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record.  This

Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Material for enforcement of the provision of this Agreed Protective Order following termination of this litigation.  All disputes concerning Protected Material produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Eastern District of Texas.

33.     Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation only based on such counsel's review and evaluation of Protected Information, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Protective Order.

34.     Each of the parties agrees to be bound by the terms of this Protective Order as of the date counsel for such party executes this Protective Order, even if prior to entry of this order by the Court.

**SIGNED this 2nd day of December, 2014.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **BRITE SMART CORP.** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civ. Action No. 2:14-cv-760** |
| | § | |
| **GOOGLE INC.** | § | **JURY DEMANDED** |
| | § | |
| *Defendant.* | § | |
| | § | |

**APPENDIX A**

**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER**

I, _____, declare that:

1.  My address is _____.

    My current employer is _____.

    My current occupation is _____.

2.  I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.  I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED-- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.  I understand that I am to retain all copies of any documents designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY" and/or "RESTRICTED CONFIDENTIAL SOURCE CODE," or any similar designation,

26

in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY" and/or "RESTRICTED CONFIDENTIAL SOURCE CODE," or any similar designation, are to be returned to counsel who provided me with such material.

4.  I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order.  I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

5.  Promptly upon termination of these actions, I will return all documents and things designated as  "CONFIDENTIAL,"  "RESTRICTED -- ATTORNEYS'  EYES ONLY,"   or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

6.  I hereby submit to the jurisdiction of this Court for the purpose  of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.


Signature _____

Date _____