# EXHIBIT E

Discovery Dispute Communications

Robert D. Katz
Katz PLLC
6060 North Central Expressway
Suite 560
Dallas, Texas 75206
214.865-8000 Telephone
888.231-5775 Facsimile
rkatz@katzlawpllc.com

January 5, 2015

Via Email

Ann Marie Duffy
Mayer Brown LLP
1999 K Street, NW
Washington, DC 20006
aduffy@mayerbrown.com

Re:   *Brite Smart Corp. v. Google Inc.,* USDC – E.D. Tex – Case No. 2:14-cv-760-JRG-RSP

Dear Ann Marie,

I write on behalf of Brite Smart to address some deficiencies in Google's responses to Brite Smart's first set of interrogatories.

General issues:

Google was asserted objections to Brite Smart's Interrogatories 1-3 served November 26, 2014 related to Google's alleged inability to produce certain information subject to third party confidentiality obligations.  If Google is in possession of information responsive to the interrogatories, but is withholding such information due to an alleged confidentiality obligation, such a response is improper.  To the extent this is the case, please supplement Google's responses to sufficiently identify such information to allow Brite Smart to evaluate the claim of confidentiality as well as to potentially seek the Court's intervention, if necessary.

Interrogatory 1:

> **INTERROGATORY NO. 1:** For clicks involving the accused services, state the information Google records, maintains, and uses relating to click-fraud detection, and how that information is used, including, without limitation, dates, times, locations, and unique identifiers; and identify supporting documents, if any, used to respond to this Interrogatory.

Google's use of Rule 33(d) demonstrates a lack of good faith. First, Google use of Rule 33(d) is improper because the burdens to the respective parties to determine the requested information are not equal.  Google engineers know exactly where to look to find this information, if they don't know it off of the top of their heads.  Second, Google's use of Rule 33(d) is improper because Google identified the ranges of entire productions.  Moreover, the overwhelming majority of the documents produced by Google have absolutely no relevance to Interrogatory 1.  Please provide the information that Brite Smart has requested.

Interrogatory 2:

January 5, 2015
Page 2

> **INTERROGATORY NO. 2:** Please identify and describe all patent licenses that
> are or have been in effect at any time during the preceding ten years, for which
> you pay or have paid any royalty, and identify supporting documents, if any, used
> to respond to this Interrogatory.

Interrogatory 2 seeks information regarding the intellectual property licenses into which Google
has entered. This information is relevant to the reasonably royalty for the patents-in-suit. The
federal rules provide that "[p]arties may obtain discovery regarding any matter, not privileged,
that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). "Relevant
information need not be admissible at the trial if the discovery appears reasonably calculated to
lead to the discovery of admissible evidence." *Id.* As you know, relevance, at this stage in the
discovery process, has been broadly construed to encompass any matter that bears on, or that
reasonably could lead to other matter that could bear on, any issue that is or may be in the case.
For example, and without limitation, *Georgia-Pacific* factor 12 involves the portion of the profit
that may be customary in the particular business or in comparable businesses to allow for the use
of the invention *or analogous* inventions. Accordingly, please identify and describe all patent
licenses that are or have been in effect at any time during the preceding ten years, for which
Google pays or has paid any royalty.

Interrogatory 3:

> **INTERROGATORY NO. 3:** Please identify all persons that participated in the
> research, conception, design, and development of your click-fraud detection
> capabilities, as those capabilities exist now or have ever existed, and the
> respective roles of those persons, and identify supporting documents, if any, used
> to respond to this Interrogatory.

First, Google's response failed to properly identify any persons. The interrogatory instructions
explained:

> Construing the term "IDENTIFY" or "IDENTITY" to mean, with respect to a
> person, to set forth the person's name, employer, job title, home and business
> addresses, home and business telephone numbers, and a brief description of his or
> her relationship, if any, with the parties to this action, including dates of
> employment if the person is or was an employee of Google;

Google failed to include **any** of the above information – including the persons' names. Instead,
Google appears in some cases to have identified persons using portions of their email addresses,
and in other cases nicknames, e.g., "querymeister" and "furball". As explained in the
interrogatory instructions, Brite Smart requests that Google provide "the person's name,
employer, job title, home and business addresses, home and business telephone numbers, and a
brief description of his or her relationship, if any, with the parties to this action, including dates
of employment if the person is or was an employee of Google".

January 5, 2015
Page 3

Second, Brite Smart's request requested that Google identify **all** of the persons in the described category.  Please verify that Google has identified all persons or explain the numbers that appear in the organizational chart.

Third, Brite Smart assumes that, based on third-party information, Google began its click-fraud detection activities in 2002.  The priority date generally appearing on the patents-in-suit is 2003.  Thus, Brite Smart has explicitly requested the click-fraud team's information as it has ever existed at Google.  Google has failed to provide **any** information relating past information involving the team.  Please provide the past information as Brite Smart has requested.  In addition, please make clear the date to which Google's previous response applies.

Fourth, Google failed to identify any supporting documents that it used to respond to Interrogatory 3.  If Google referred to any documents to respond to the Interrogatory, please identify them.

Brite Smart requests that the above deficiencies be remedied with a complete supplementation by January 16, 2015.  If Google is unable to supplement by that time, please let us know right away so that we can further discuss the issue immediately.

Very truly yours,

Robert Katz

January 15, 2015

Robert D. Katz
Katz PLLC
6060 North Central Expressway
Suite 560
Dallas, Texas 75206
214.865-8000 Telephone
888.231-5775 Facsimile
rkatz@katzlawpllc.com

VIA EMAIL

Ann Marie Duffy
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
aduffy@mayerbrown.com

Re:     *Brite Smart Corp. v. Google Inc.,* USDC – E.D. Tex – Case No. 2:14-cv-760-JRG-RSP

Dear Ann Marie,

I write on behalf of Brite Smart to address the deficiencies in Google's responses to Brite Smart's second set of interrogatories (numbers 4-14). Regrettably, Google chose to provide a substantive response to <u>only one</u> of Brite Smart's eleven interrogatories.

General issues:

Google has asserted objections to Brite Smart's Interrogatories 4-14 served December 10, 2014 related to Interrogatories that seek "proprietary and/or business technical, and/or commercial information until such time as a protective order agreed to by the parties is entered by the Court." A Protective Order was entered by the Court on December 2, 2014. If Google is in possession of information responsive to the interrogatories, but is withholding such information due to an alleged lack of a Protective Order, such a response is improper. To the extent this is the case, please supplement Google's responses to sufficiently identify such information as well as to potentially seek the Court's intervention, if necessary.

Google has also asserted objections to Brite Smart's Interrogatories related to Google's alleged inability to produce certain information subject to third party confidentiality obligations. If Google is in possession of information responsive to the interrogatories, but is withholding such information due to an alleged confidentiality obligation, such a response is improper. To the extent this is the case, please supplement Google's responses to sufficiently identify such information to allow Brite Smart to evaluate the claim of confidentiality as well as to potentially seek the Court's intervention, if necessary.

In connection with every one of Google's responses, Google has objected to the interrogatory as overly broad and unduly burdensome. However, Google objections are improper in that Google has provided no bases for its assertion that any Interrogatory was overly broad and unduly burdensome.

Interrogatory 4:

   **INTERROGATORY NO. 4:** For each asserted claim of the patents-in-suit that

**E - 4**

January 15, 2015
Page 2

> you contend is not infringed by any of the Accused Services, including directly,
> indirectly, literally, and by the doctrine of equivalents, set forth in detail (on an
> element-by-element basis) for each Accused Service the complete factual and
> legal basis for your contention, including by identifying all relevant facts,
> documents, source code (by file name and line number), and identify the person(s)
> who are most knowledgeable about the facts underlying your answer.

While Google's contentions will involve expert opinion, experts must rely on facts to form their
opinions.  Facts are the subject of fact discovery, and parties are required to disclose such facts
before the facts can be interpreted by their expert witnesses.  Brite Smart's interrogatory requests
such facts.  Therefore, please provide the facts that Brite Smart has requested.  In addition, please
identify the person(s) who are most knowledgeable about such facts as requested.

Interrogatory 5:

> **INTERROGATORY NO. 5:** Describe in detail your click-fraud detection
> system, including a description of the steps performed; identification of source
> code modules (by file name and line number) responsible for performing each
> step; identification of the person(s) who are most knowledgeable concerning the
> steps and source code modules; and identify supporting documents, if any, used to
> respond to this Interrogatory.

Google's use of Rule 33(d) demonstrates a lack of good faith. As Brite Smart has previously
explained to Google, Google's use of Rule 33(d) is improper because the burdens to the
respective parties to determine the requested information are not equal.  Google engineers know
exactly where to look to find this information, if they don't know it off of the top of their heads.
At a minimum, Google engineers should easily be able to generate a comprehensive roadmap
describing Google's click-fraud detection system.  Second, Google's use of Rule 33(d) is
improper because Google identified the ranges of entire productions.  Moreover, the
overwhelming majority of the documents produced by Google have absolutely no relevance to
Interrogatory 5.  Additionally, has failed to identify those individuals *most* knowledgeable
concerning the steps and source code modules.  Google has merely identified two individuals
whom it states are generally knowledgeable.  Please provide the information that Brite Smart has
requested.

Interrogatory 6:

> **INTERROGATORY NO. 6:** For each of the Accused Services provisioned from
> the United States, please state separately, on a monthly basis or the shortest
> interval for which records are kept, the costs, expenses on an itemized basis, gross
> profit margin, operating profit margin, incremental profit margin, and revenues,
> and identify supporting documents, if any, used to respond to this Interrogatory,
> and identify the person(s) who are most knowledgeable about the facts underlying

January 15, 2015
Page 3

your answer.

Google failed to provide <u>any</u> requested information.  Accordingly, Brite Smart requests a meet and confer, in person or otherwise, regarding the deficiency within the next seven days.  Please let us know your availability no later than tomorrow.

Interrogatory 7:

> **INTERROGATORY NO. 7:** Describe in detail all revisions made to your click-fraud detection system, including a description of the steps changed; the date(s) when the changes were conceived and implemented; identification of source code modules (by file name and line number) responsible for effecting the changes; identification of the person(s) who are most knowledgeable concerning the changes and effected source code modules; and identify supporting documents, if any, used to respond to this Interrogatory.  The time period applicable to this Interrogatory is for all time periods during or after 2002 that you have ever used or conceived of any click-fraud detection system.

Google failed to provide <u>any</u> requested information.  Accordingly, Brite Smart requests a meet and confer, in person or otherwise, regarding the deficiency within the next seven days.  Please let us know your availability no later than tomorrow.

Interrogatory 8:

> **INTERROGATORY NO. 8:**  State in detail all factual and legal bases for your equitable defenses, whether affirmative or not, and any equitable counterclaims and describe how and the extent to which you contend those defenses affect Brite Smart's ability to recover damages or other relief in this action, and identify the person(s) who are most knowledgeable about the facts underlying your answer and documents related thereto, and the names of any individuals who assisted in preparing your answer and identify all supporting documents, if any, relating to the information sought in this Interrogatory.

Google failed to provide <u>any</u> requested information.  Google's failure to provide the factual bases for its defenses is unacceptable; as such information is exclusively within Google's control and presumably served as the bases for the defenses.  For the same reason, Google's assertion that the Interrogatory is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence is wholly misplaced given that Google has specifically asserted the defenses.  Therefore, Google's claim that the request for such facts is premature in view of the Local Rules or the Docket Control Order is without merit.  Please provide the information that Brite Smart has requested.

**E - 6**

January 15, 2015
Page 4

Interrogatory 9:

> **INTERROGATORY NO. 9:**  Identify and describe in detail all material
> prejudice you contend you have suffered as a result of Brite Smart not filing suit
> before July 2014, including but not limited to, all investments or changes in your
> economic position caused by Brite Smart's alleged delay in filing suit, any
> perceived evidentiary prejudice you have suffered and caused by Brite Smart's
> delay in filing suit, the identification of all documents supporting your response,
> and the identification of the person(s) who are most knowledgeable regarding
> your response, along with their job titles and contact information.

Google failed to provide <u>any</u> requested information.  In addition, Google provided no bases for
its assertion that the Interrogatory was overly broad, unduly burden and unduly burdensome.
Google's assertion that the Interrogatory is irrelevant and not reasonably calculated to lead to the
discovery of admissible evidence is wholly misplaced given that Google has specifically asserted
the defense of laches.  Thus, the facts upon which Google asserts its laches defense are clearly
relevant.  Facts are the subject of fact discovery, and parties are required to disclose such facts.
Therefore, Google's claim that the request for such facts is premature in view of the Local Rules
or the Docket Control Order is without merit.  Please provide the information that Brite Smart
has requested.

Interrogatory 10:

> **INTERROGATORY NO. 10:**  For each of the Accused Services, please describe
> in detail your contention regarding the relevant market and competitive substitutes
> for the patents-in-suit, your contention regarding the date of any hypothetical
> negotiation for each of the patents-in-suit, your contention regarding the basis for
> any consumer demand for the Accused Services, your contention regarding the
> appropriate reasonable royalty rate and base including your contention regarding
> whether or not there is an established royalty, the complete factual and legal bases
> for all of the foregoing, the identification of all documents supporting your
> response, and the identification of the person(s) who are most knowledgeable
> regarding your response, along with their job titles and contact information.

While Google's contentions regarding a royalty rate will involve expert opinion, experts must
rely on facts to form their opinions.  Facts are the subject of fact discovery, and parties are
required to disclose such facts before the facts can be interpreted by their expert witnesses.  Brite
Smart therefore requests that Google provide the underlying facts relevant to the calculation of a
royalty rate.

Interrogatory 11:  Thank you for answering Interrogatory 11.

Interrogatory 12:

January 15, 2015
Page 5

**INTERROGATORY NO. 12:** Disclose all features that drive sales of the Accused Services and identify the apportioned revenue (by percentage) attributable to each feature for each Accused Service, the complete factual and legal basis for your contention, including by identifying all relevant facts and documents, and identify the person(s) who are most knowledgeable about the facts underlying your answer.

While Google's contentions regarding the features that drive sales for Google and the connections of such features to a royalty rate will involve expert opinion, experts must rely on facts to form their opinions. Facts are the subject of fact discovery, and parties are required to disclose such facts before the facts can be interpreted by their expert witnesses. Brite Smart therefore requests that Google provide the underlying facts relevant to the features that drive sales of the Accused Services.

Interrogatory 13:

**INTERROGATORY NO. 13:** Describe in detail all facts relating to the profitability, commercial success, and popularity of the Accused Services provisioned from the United States, including without limitation:
a.       total historical sales and profits broken down by the accounting period for which the records are kept (at least by quarter);
b.       financial projections including sales forecasts;
c.       market share analyses and market assessments;
d.       analyst reviews;
e.       business plans;
f.       the identification of any facts contributing to such profitability, commercial success, and popularity;
g.       the manner in which you measure or analyze whether the Accused Services are successful; and
h.       information concerning customer preferences and satisfaction including customer surveys, customer reviews and market surveys.
Identify any supporting documents, if any, used to respond to this Interrogatory and identify the person(s) who are most knowledgeable about the facts underlying your answer.

While Google's final calculation of damages will involve expert opinion, experts must rely on facts to form their opinions. Facts are the subject of fact discovery, and parties are required to disclose such facts before the facts can be interpreted by their expert witnesses. Brite Smart's interrogatory is clearly limited to the disclosure of such facts. Therefore, Google's claim that the request for such facts is premature in view of the Local Rules or the Docket Control Order is without merit. Please provide the facts that Brite Smart has requested.

**E - 8**

January 15, 2015
Page 6

<u>Interrogatory 14:</u>

> **INTERROGATORY NO. 14:**  Please describe in detail all facts relating to the identification, availability, acceptability, and cost of any non-infringing alternatives to the apparatuses claimed in the patents-in-suit, including without limitation.
> a.      your use and consideration of implementing any such alternatives;
> b.      the specific alterations you would make to each Accused Service to effectuate such alternative(s);
> c.      the specific claim limitations of the patents-in-suit that would be infringed without the alternatives;
> d.      the costs associated with developing and implementing each alternative; and
> e.      the steps and time required to develop and implement each alternative.
> Identify all persons with knowledge of the above information and any supporting documents, if any, used to respond to this Interrogatory.

Here again, Brite Smart is merely seeking the facts regarding Google's actual or potential use of non-infringing alternatives.  For example, Google may have tried or may have considered methods for fighting click-fraud that are different from those described in the asserted patents.  Such methods used or considered by Google are examples of facts that are clearly pertinent to this Interrogatory.  Therefore, Google's claim that the request for such facts is premature in view of the Local Rules or the Docket Control Order is without merit.  Please provide the facts that Brite Smart has requested.

Brite Smart requests that the above deficiencies be remedied with a complete supplementation by January 26, 2015.  If Google is unable to supplement by that time, Brite Smart requests a meet and confer, in person or otherwise, regarding the deficiencies within the next seven days.  Please let us know your availability no later than tomorrow.

Very truly yours,

Robert Katz

MAYER·BROWN

Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel +1 202 263 3000
Main Fax +1 202 263 3300
www.mayerbrown.com

**Ann Marie Duffy**
Direct Tel +1 202 263 3418
Direct Fax +1 202 263 5318
aduffy@mayerbrown.com

January 23, 2015

<u>VIA EMAIL</u>

Robert D. Katz
Katz PLLC
6060 North Central Expressway
Suite 560
Dallas, Texas 75206

Re:     *Brite Smart Cop. v. Google Inc.*, No. 14-cv-760

Dear Bob:

I write to follow-up on our meet-and-confer last Friday regarding Google's responses to Brite Smart's first set of discovery.  This letter also responds to your letter dated January 5, 2015 regarding Google's responses to Brite Smart's First Set of Interrogatories.

We are in receipt of your letter of January 12, 2015 regarding Requests 46 and 52 and will respond to that letter separately.

<u>Brite Smart's Document Requests.</u>

*Brite Smart's Document Request Nos. 20-22* seek documents disclosing the locations and cartography of Google's servers.  As discussed during our meet-and-confer Google maintains that these requests are overly broad, unduly burdensome, irrelevant, and not likely to lead to the discovery of admissible evidence.  Should Brite Smart seek to confirm whether Google maintains that any of its servers involved in the accused click-fraud detection service are located outside of the United States, Google maintains that such information is better obtained through less burdensome and over broad means such as a deposition or interrogatory.

*Brite Smart's Document Request No. 37* seeks documents regarding trade shows, industry conferences, etc. regarding click-fraud technology.  During the meet-and-confer, Google requested that Brite Smart identify any specific trade shows, industry conferences or other conferences that Brite Smart is specifically seeking documents regarding.

*Brite Smart's Document Request No. 70* seeks Google's patents and patent applications directed to click-fraud technology.  Google will supplement its production with non-privileged documents responsive to this Request to the extent any exist.

Mayer Brown LLP operates in combination with other Mayer Brown entities with offices in Europe and Asia
and is associated with Tauil & Chequer Advogados, a Brazilian law partnership.

Mayer Brown LLP

Robert D. Katz
January 23, 2015
Page 2

*Brite Smart's Document Request No. 83* seeks communications with third parties regarding Brite Smart.  Google will supplement its production with non-privileged documents responsive to this Request to the extent any exist.

*Brite Smart's Document Request Nos. 106-117 and 120* seek various financial documents.  Google understands that Brite Smart is not currently pursuing documents responsive to Request Nos. 109, 110, 111, 112, 113, and 114.  Google further understands that Brite Smart is pursing the financial information specified in Request Nos. 106-108, 115-117 and 120 as it relates to Google's CPC advertising.  Google is currently considering Brite Smart's requests and will supplement its responses in a timely fashion to inform Brite Smart of whether there exists any disputes on Requests 106-108, 115-117 and 120.

*Brite Smart's Document Request No. 121* seeks Google's accounting practices.  Google understands that Brite Smart is no longer pursing documents responsive to this Request.

*Brite Smart's Document Reqeust No. 126* seeks Google's licensing policies and practices.  Google maintains that this Request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims or defenses in this case or likely to lead to the discovery of admissible evidence.  However, Google is currently considering Brite Smart's Request and will supplement its responses in a timely fashion to inform Brite Smart of whether there exists any dispute on this Request.

*Brite Smart Request No. 127* seeks documents regarding any valuation of any intellectual property related to click-fraud detection that Google acquired.  Google maintains that this Request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims or defenses in this case or likely to lead to the discovery of admissible evidence.  However, Google is currently considering Brite Smart's Request and will supplement its responses in a timely fashion to inform Brite Smart of whether there exists any dispute on this Request.

Brite Smart's First Set of Interrogatories

*Brite Smart Interrogatory No. 1* seeks the "information Google records, maintains, and uses related to click-fraud detection, and how that information is used, including, without limitation, dates, times, locations and unique identifiers," etc.  Google objected to this Interrogatory as overly broad, unduly burdensome.  During our meet-and-confer Google explained that it was unclear what "information" Brite Smart is seeking or what exactly Brite Smart is seeking when it asks "how that information is used."  Google properly responded to this Interrogatory pursuant to Fed. R. Civ. P. 33(d) by identifying the source code it produced on December 15, 2015.  Google maintains that given the overly broad and vague scope of Brite Smart's request, it is just as burdensome for Google to attempt to discern what "information" Brite Smart is actually seeking and what Brite Smart means when it asks "how that information is used" as it is for Brite Smart to review the source code made available and locate the actual

Mayer Brown LLP

Robert D. Katz
January 23, 2015
Page 3

information it is seeking.  Accordingly, Google maintains its response to Brite Smart's Interrogatory No. 1 is proper and sufficient.

*Brite Smart Interrogatory No. 2* seeks all patent licenses Google has entered into in the past 10 years.  Google properly objected to this interrogatory as overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation and not likely to lead to the discovery of admissible evidence.  Google further responded that it has not entered into any licenses related to "click-fraud" detection.  During the meet-and-confer, Brite Smart maintained that patent licenses on "analogous" technology may lead to the discovery of admissible evidence and without identifying any specific technology, requested patent licensed directed to Google's CPC advertising.  Given the scope of the technology claimed in the asserted patents, Google maintains that Brite Smart's request for patent licenses related to CPC advertising is simply irrelevant and not likely to lead to the discovery of admissible evidence.  Accordingly, Google maintains its response to Brite Smart's Interrogatory No. 1 is proper and sufficient.

*Brite Smart Interrogatory No. 3* seeks the identification of persons involved in Google's click-fraud detection service.  Google identified an organizational chart in response to this Request.  Brite Smart asked that Google fully identify all the individuals listed in the organizational chart.  Google will supplement it response to Interrogatory No. 3 to identify those individuals in the organizational chart identified in Google's response.

Sincerely,

Ann Marie Duffy

cc:    A. John P. Mancini
       Brian A. Rosenthal
       Amr O. Aly
       Emily Nash

January 23, 2015

Robert D. Katz
Katz PLLC
6060 North Central Expressway
Suite 560
Dallas, Texas 75206
214.865-8000 Telephone
888.231-5775 Facsimile
rkatz@katzlawpllc.com

**Via Email**

Ann Marie Duffy
Mayer Brown LLP
1999 K Street, NW
Washington, DC 20006
aduffy@mayerbrown.com

Re:   *Brite Smart Corp. v. Google Inc.,* USDC – E.D. Tex – Case No. 2:14-cv-760-JRG-RSP

Dear Ann Marie,

I write on behalf of Brite Smart to address the many discovery deficiencies which Brite Smart has brought to Google's attention but for which Google has provided no response.

Improper Protective Order Designations:
Brite Smart wrote to Google on December 31, 2014 complaining of its improper designation of various documents as "source code" under the protective order.  After receiving no response, Brite Smart wrote to Google again on January 12, 2015, asking for a time between January 14 through January 16, 2015 to meet and confer on the issue.  Google replied on January 12, 2015, stating, in part that Google was "re-reviewing" the documents, but failed to reply to Brite Smart's request to meet and confer.  Brite Smart wrote to Google again on January 15, 2015, again asking Google to meet and confer within the following seven days.  Google never responded to that request either.

Brite Smart's Requests for Production:
Brite Smart issued Requests for Production to Google because Google failed to comply with its discovery obligations under paragraph 3(b) of the Court's discovery order.  In response to Brite Smart's Requests for Production, Google objected to a large number of Brite Smart's requests, and Google's objections were discussed during a meet-and-confer between the parties during a phone conference on January 9, 2015.  During the conference, Google agreed to inform Brite Smart of the documents that were responsive to RFPs 33 & 34, and later followed up with such a letter.  Google further agreed to respond via letter to either produce the documents or explain its objections regarding RFPs 20-22, 37, 46, 55, 70, 83, 106-108, 115, 120, 126, and 127  by January 16, 2015.  As of today, Google has still failed to provide any response regarding those RFPs.

Brite Smart's Interrogatories No. 1-3:
Brite Smart wrote to Google on January 5, 2015 pointing out the lack of good faith and insufficient responses Google provided to Interrogatories No. 1-3.  Google has failed to update or supplement its responses.

Brite Smart's Interrogatories No. 4-14:

January 23, 2015
Page 2

Brite Smart wrote to Google on January 15, 2015 to advise Google of the serious deficiencies in its responses.  Indeed, Google chose to provide a substantive response to only one of Brite Smart's interrogatories.  Brite Smart requested a meet-and-confer within seven days.  Google has failed to reply.

Google's Source Code Production:
Brite Smart wrote to Google on December 31, 2014 and again on January 9, 2015 regarding the deficiencies in the small amount of source code made available for inspection by Google.  Brite Smart's January 9th letter requested a complete supplementation by January 23, 2015.  Brite Smart further requested that should Google be unable to supplement by that time, that Google let Brite Smart know so that the parties could confer on the issue.  Brite Smart wrote to Google again to follow up on its letter of December 31, 2014, and requested a meet-and-confer within the next seven days.  Google has failed to reply to any of Brite Smart's three letters.

Given Google's pattern of non-responsiveness regarding both its discovery obligations and Brite Smart's efforts towards resolution, Brite Smart is forced to seek assistance from the Court. Pursuant to paragraph 9(b) of the Court's Discovery Order, please identify a date for an in-person conference, preferably between January 28 and February 5.  We would like to agree on a date as soon as possible.  Since both of our local counsel are in Tyler, we think it's appropriate that we all meet in Tyler or Dallas.  Please advise if Google has a preference as to Tyler or Dallas.

Very truly yours,

Robert Katz