# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| Brite Smart Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>Google Inc.,<br><br>    Defendant. | Civil Action No. 2:14-cv-00760-JRG-RSP<br><br>**Jury Trial Demanded** |

The Court ORDERS[1] as follows:

  1. This Order supplements all other discovery rules and orders. It streamlines the issues in this case to promote a "just, speedy, and inexpensive determination" of this action, as provided by Federal Rule of Civil Procedure 1.

*Phased Limits on Asserted Claims and Prior Art References*

  2. By the date set for completion of claim construction discovery pursuant to P.R. 4-4, the patent claimant shall serve a Preliminary Election of Asserted Claims, which shall assert no more than ten claims from each patent and not more than a total of 32 claims. Not later than 14 days after service of the Preliminary Election of Asserted Claims, the patent defendant shall

---

  [1] The parties are encouraged to discuss limits lower than those set forth in this Model Order based on case-specific factors such as commonality among asserted patents, the number and diversity of accused products, the complexity of the technology, the complexity of the patent claims, and the complexity and number of other issues in the case that will be presented to the judge and/or jury. In general, the more patents that are in the case, the lower the per-patent limits should be. In cases involving several patent families, diverse technologies, disparate claims within a patent, or other unique circumstances, absent agreement of the parties, the court will consider flexibly whether circumstances warrant expanding the limits on asserted claims or prior art references. The parties shall jointly submit any proposed modifications by the deadline for submission of proposed docket control or discovery orders, but in no event later than the deadline for service of initial disclosures.

serve a Preliminary Election of Asserted Prior Art, which shall assert no more than twelve prior art references against each patent and not more than a total of 40 references.[2]

3. No later than **[Plaintiff's Position: the later of 10 days after issuance of the Court's *Markman* order or]** [3] 28 days before the service of expert reports by the party with the burden of proof on an issue, the patent claimant shall serve a Final Election of Asserted Claims, which shall identify no more than five asserted claims per patent from among the ten previously identified claims and no more than a total of 16 claims. By the date set for the service of expert reports by the party with the burden of proof on an issue, the patent defendant shall serve a Final Election of Asserted Prior Art, which shall identify no more than six asserted prior art references per patent from among the twelve prior art references previously identified for that particular patent and no more than a total of 20 references. For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference. **[Defendants propose the Model Order be entered without amendment.[4]]**

---

[2] For purposes of this Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

[3] **Brite Smart's rationale**: The commentary to the Order emphasizes that the parties be provided "sufficient information" to make a meaningful election. Order, cmt. ¶ 3. No guidance is offered by Google as for its P.R. 3-3 disclosures. In its invalidity contentions, Google failed to identify any obviousness combinations except to state that any reference could be combined with any other reference. Crucially, Google identified a large number of prior art references. Hence, the **only** guidance upon which Brite Smart may rely is going to be the Court's claim construction order. Indeed, the text of the Model Order does not even appear to explicitly require that Google count each of its obviousness *combinations* until the final narrowing. Thus, Brite Smart is forced to rely on the Court's claim construction order.

[4] **Google's rationale**: Google requests entry of the original deadlines for Final Elections of Asserted Claims and Prior Art provided by this Court's Model Order, as written. Brite Smart fails to articulate any special circumstances or facts that would justify deviating from the Model Order, because none exist. While Brite Smart apparently agrees that this matter would benefit from Final Elections in accordance with the limits provided by the Model Order, it's proposal leaves open the possibility that a Final Election of Claims occur *after* the parties have undertaken the burden and costs associated with expert discovery (and potentially beyond). This violates the

      4.      If the patent claimant asserts infringement of only one patent, all per-patent limits in this order are increased by 50%, rounding up.

---

"principle object" of the Final Election. Local Rules Advisory Committee Commentary Regarding Model Order at 4 ("The principal object of the final narrowing is lessening the costs associated with expert witnesses and final preparation of the case for trial.")

    Moreover, Brite Smart's proposal, while appearing minor, introduces an unsupportable inconsistency into the narrowing process that greatly prejudices Google. Under Brite Smart's proposal, Plaintiff's Final Election of Claims depends on the issuance of the Court's *Markman* order, while Defendant's Final Election of Prior art remains pegged to the date set for opening expert reports. If the Court's *Markman* order issues after opening expert reports, Defendant would be required to make its Final Election of Prior Art *before* Plaintiff's Final Election of Claims. Google would be left with the untenable task of reducing its prior art to 20 references despite facing 32 asserted claims.

    Brite Smart alleges that in order to make its Final Election, the "**only** guidance upon which Brite Smart may rely is going to be the Court's claim construction order." *See* fn. 3 (emphasis in original). It is mistaken. Google has already produced hundreds of documents and approximately 100,860 lines of source code related to the Accused Products. Moreover, by the deadline for Final Elections of Claim under the existing Model Order schedule, claim construction discovery will have completed, the parties' claim construction positions will have been fully briefed, and the *Markman* hearing will have concluded, giving the parties the benefit of each other's claim construction positions in making their Final Elections. Brite Smart's allegation regarding Google's allegedly "large number of prior art references" is simply a red herring. The prior art references and claim construction disputes at this stage in the litigation—which are necessitated by Brite Smart's original assertion of over *60* claims—are irrelevant. After the Preliminary Election of Prior Art (to which both parties have agreed), Google will have narrowed its references to "no more than twelve prior art references against each patent and not more than a total of 40 references." Thus, Brite Smart will have ample information to make a meaningful election.

    Finally, Brite Smart's apparent concern that the *Markman* order might issue after the deadline for the Final Election of Asserted Claims under the Model Order has already been addressed by the Advisory Committee. The Advisory Committee noted that "should the court's claim construction order be delayed, the parties may need to seek an extension of the deadline to make their final election until some period after the issuance of the order" and the Model Order already takes into account that "many judges set deadlines for expert reports which are not tied to the issuance of the claim construction order." Local Rules Advisory Committee Commentary Regarding Model Order at 4-5. Indeed, the Advisory Committee expressly rejected "tethering of the deadline [of the Final Elections of Asserted Claims] to the issuance of the claim construction order." *Id.* at 4. Thus, no credible reason exists for adopting Brite Smart's proposal to set aside the well-reasoned deadlines of the Model Order.

6

*Modification of this Order*

5. Subject to Court approval, the parties may modify this Order by agreement, but should endeavor to limit the asserted claims and prior art references to the greatest extent possible. Absent agreement, post-entry motions to modify this Order's numerical limits on asserted claims and prior art references must demonstrate good cause warranting the modification. Motions to modify other portions of this Order are committed to the sound discretion of the Court.[5]

---

[5] This Order contemplates that the parties and the Court may further narrow the issues during pretrial proceedings in order to present a manageable case at trial.