IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BRITE SMART CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:14-cv-00760-JRG-RSP |
| | ) |
| GOOGLE INC. | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

### DEFENDANT GOOGLE INC.'S AMENDED ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT

Defendant Google Inc. ("Google" or "Defendant"), by and through its counsel of record, hereby files its Amended Answer to the Complaint filed by Brite Smart Corp. ("Brite Smart" or "Plaintiff") in the above-referenced case on July 10, 2014 (Dkt. 1)[1]:

### AMENDED ANSWER TO COMPLAINT

Any allegations of the Complaint not specifically admitted are denied.

### NATURE OF ACTION

1. Defendant admits only that this is a patent infringement action in which Brite Smart seeks compensatory damages. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies such allegations in paragraph 1 of the Complaint.

---

[1] Brite Smart filed a First Amended Complaint for Patent Infringement on April 9, 2015, which Google will respond to in accordance with the time frame provided by the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Texas, and the Docket Control Order.

1

2. Defendant admits only that Google operates a search website and a search advertising platform called AdWords. Defendant denies the remaining allegations contained in paragraph 2 of the Complaint.

3. Defendant admits only that search advertisements may be sold on a cost-per-click basis. Defendant denies the remaining allegations contained in paragraph 3 of the Complaint.

4. Defendant admits only that Google employs cost-per-click advertising on Google's search engine and on other websites through AdSense and that Google offers advertising services through DoubleClick. Defendant denies all other allegations contained in paragraph 4 of the Complaint.

## THE PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies such allegations in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. Defendant admits that Brite Smart's Complaint purports to state a claim arising under the patent laws of the United States and that this Court has subject matter jurisdiction over certain patent infringement allegations under 28 U.S.C. §§ 1331 and 1338(a), but lacks sufficient information to admit or deny that subject matter jurisdiction exists over this case and, accordingly, denies that it does. Defendant denies the remaining allegations contained in paragraph 7 of the Complaint.

8. Defendant admits only that its services are offered in the State of Texas. Defendant specifically denies that venue is more proper or more convenient here than in other

jurisdictions pursuant to Federal Rule of Civil Procedure § 1404(a). Defendant denies the remaining allegations contained in paragraph 8 of the Complaint.

9. Defendant admits only that its services are offered in the State of Texas. Defendant denies all other allegations contained in paragraph 9 of the Complaint.

**First Claim for Patent Infringement ('104 patent)**

10. Defendant restates and incorporates by reference each and every response to paragraphs 1-9 as though fully set forth herein.

11. Defendant admits only that Brite Smart attaches to the Complaint as Exhibit A a document that purports to be a true and correct copy of U.S. Patent No. 7,249,104 ("the '104 patent"), the face of which shows the title "Pay-Per-Click System And Method That Determine Whether A Requested Link To A Merchant Website Is Legitimate Or Fraudulent" and the assignee Brite Smart LLC. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore denies such allegations.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and therefore denies such allegations.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint contains only a legal conclusion to which no response is required.

### Second Claim for Patent Infringement ('667 patent)

17. Defendant restates and incorporates by reference each and every response to paragraphs 1-16 as though fully set forth herein.

18. Defendant admits only that Brite Smart attaches to the Complaint as Exhibit B a document that purports to be a true and correct copy of U.S. Patent No. 7,953,667 ("the '667 patent"), the face of which shows the title "Method And System To Detect Invalid And Fraudulent Impressions And Clicks In Web-Based Advertisement Systems" and the assignee Britesmart Corp. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and therefore denies such allegations.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and therefore denies such allegations.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint contains only a legal conclusion to which no response is required.

### Third Claim for Patent Infringement ('763 patent)

24. Defendant restates and incorporates by reference each and every response to paragraphs 1-23 as though fully set forth herein.

25. Defendant admits only that Brite Smart attaches to the Complaint as Exhibit C a document that purports to be a true and correct copy of U.S. Patent No. 8,326,763 ("the '763 patent"), the face of which shows the title "Method And System To Detect Invalid And

Fraudulent Impressions And Clicks In Web-Based Advertisement Systems" and the assignee Britesmart Corp. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and therefore denies such allegations.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, and therefore denies such allegations.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint contains only a legal conclusion to which no response is required.

### Fourth Claim for Patent Infringement ('057 patent)

31. Defendant restates and incorporates by reference each and every response to paragraphs 1-30 as though fully set forth herein.

32. Defendant admits only that Brite Smart attaches to the Complaint as Exhibit D a document that purports to be a true and correct copy of U.S. Patent No. 8,671,057 ("the '057 patent"), the face of which shows the title "Method And System To Detect Invalid And Fraudulent Impressions And Clicks In Web-Based Advertisement Schemes" and the assignee Britesmart Corp. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, and therefore denies such allegations.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, and therefore denies such allegations.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint contains only a legal conclusion to which no response is required.

## PRAYER

Defendant denies that Brite Smart is entitled to any of the relief it has requested in its Prayer or any relief whatsoever.

## DEFENSES

Subject to the responses above, Google alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

## FIRST DEFENSE
(FAILURE TO STATE A CLAIM)

38. Brite Smart's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE
(PROSECUTION HISTORY ESTOPPEL)

39. On information and belief, prosecution history estoppel and/or prosecution disclaimer precludes any finding of infringement.

## THIRD DEFENSE
(INVALIDITY)

40. On information and belief, each and every claim of the '104 patent, the '667 patent, the '763 patent, and the '057 patent (collectively, "Asserted Patents") is invalid for failure to comply with the patent laws, including, but not limited to, 35 U.S.C. §§ 101-103 and 112.

## FOURTH DEFENSE
(NON-INFRINGEMENT)

41. Defendant has not infringed and does not infringe any valid claim of the Asserted Patents, either directly or indirectly, literally, or under the doctrine of equivalents.

## FIFTH DEFENSE
(LACHES, WAIVER, ESTOPPEL, ACQUIESCENCE, UNCLEAN HANDS, AND IMPLIED LICENSE)

42. Brite Smart's claims for relief are barred in whole or in part by laches, waiver, estoppel, acquiescence, unclean hands, and/or implied license.

## SIXTH DEFENSE
(FAILURE TO PROVIDE NOTICE PURSUANT TO 35 U.S.C. § 287)

43. Brite Smart's ability to recover for any alleged infringement is limited by the failure of Brite Smart and/or its licensees to meet the requirements of 35 U.S.C. § 287.

## SEVENTH DEFENSE
(LIMITATION OF DAMAGES)

44. Brite Smart's claim for damages is limited pursuant to 35 U.S.C. § 286.

## EIGHTH DEFENSE

(ADEQUATE REMEDY AT LAW)

45. Brite Smart is not entitled to injunctive relief because, *inter alia*, any alleged injury to Brite Smart is not immediate and/or irreparable, and Brite Smart has an adequate remedy at law.

## NINTH DEFENSE
(EXHAUSTION)

46. Brite Smart is barred from recovery pursuant to the doctrine of first sale or exhaustion.

## **TENTH DEFENSE**
(VENUE)

47. Venue is not more proper and/or more convenient in this district pursuant to Rule 1404(a) of the Federal Rules of Civil Procedure.

## **ELEVENTH DEFENSE**
(PATENT UNENFORCEABILITY - INEQUITABLE CONDUCT)

48. The '104 Patent issued on July 24, 2007. It resulted from U.S. Patent Application No. 10/360,688 ("'688 Application"), filed on February 7, 2003.

49. The '667 Patent issued on May 31, 2011. It resulted from U.S. Patent Application No. 11/781,716 ("'716 Application"), filed on July 23, 2007. The '667 Patent is a continuation-in-part of the '104 Patent.

50. On information and belief, the '104 Patent is unenforceable due to the commission of inequitable conduct and violation of the provisions of 37 C.F.R. 1.56 in procuring the '104 Patent by the named inventor, the prosecuting attorneys, and/or other persons owing a duty of candor to the U.S. Patent and Trademark Office (USPTO).

51. Each individual associated with the filing and prosecution of a patent application owes a duty of candor and good faith when dealing with the USPTO. The named inventor, prosecuting attorney(s), and/or other persons owing a duty of candor and good faith made false representations to the USPTO during the prosecution of the '104 Patent and the '667 Patent.

52. The '688 Application was filed on February 7, 2003 by prosecuting attorney John G. Posa.

53. On December 2, 2004, Mr. Posa filed a Request for Withdrawal as Attorney or Agent citing "[c]lient is overly demanding and has unrealistic expectations regarding acceptable policies and procedures" as the reason for withdrawal. On July 22, 2005, the USPTO granted the Request for Withdrawal.

54. On June 6, 2006, the Examiner issued a non-final rejection of all claims as originally filed.

55. On September 9, 2006, the applicant submitted amended claims in an effort to overcome the Examiner's June 2006 rejection.

56. On October 30, 2006, the Examiner issued a final rejection of all amended claims.

57. On December 10, 2006, the applicant submitted further amendments and arguments to overcome the Examiner's rejection.

58. As a result, the USPTO issued a Notice of Allowance on March 7, 2007.

59. During prosecution of the '716 Application, which is a continuation-in-part of the '688 Application, on May 11, 2010, the applicant admitted:

> The examiner should note that certain statements made during the prosecution of the parent U.S. Patent 7,249,104 may have been confusing and/or incorrect and that certain claim elements in that patent may not have been clearly supported by the specification. Accordingly, applicant intends to file a statutory disclaimer of the parent patent under 35 USC 253.

60. 35 U.S.C. § 253(b) states in part that "any patentee or applicant may disclaim or dedicate to the public the entire term, or any terminal part of the term, of the patent granted or to be granted."

61. On information and belief, no such disclaimer of the '104 Patent was filed.

62. Following this representation made to the USPTO, the Notice of Allowance for the '667 Patent issued on April 18, 2011.

63. Plaintiff presently asserts the '104 Patent in this matter despite the applicant's assertion to the USPTO that it had made statements to the USPTO that "may have been confusing and/or incorrect" and that it would file a statutory disclaimer of the '104 patent.

9

64. On information and belief, and based on the statements made to the USPTO during the prosecution history of the '667 Patent regarding the applicant's intent to file a statutory disclaimer, but for the "confusing and/or incorrect" statements by the applicant during the prosecution of the '104 Patent, the '104 Patent would not have issued.

65. But for the applicant's failure to file the statutory disclaimer for the '104 Patent, the '104 Patent would not remain available for assertion in this matter.

66. As a result of all the actions described above, the '104 Patent is unenforceable due to inequitable conduct committed during the prosecution of the '104 Patent and the '667 Patent.

## RESERVATION OF DEFENSES

Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Google Inc. prays as follows:

A. That Brite Smart takes nothing by reason of the Complaint herein and that this action be dismissed in its entirety;

B. That Defendant be awarded its fees and costs associated with its defense in this suit; and

C. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Google demands a trial by jury on all issues so triable.

DATED: April 14, 2015	QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ David A. Perlson*

| | |
|---|---|
| Michael E. Jones, SNB: 10929400 | David A. Perlson |
| POTTER MINTON LLP | Michelle A. Clark |
| 110 N College Avenue, Suite 500 | Quinn Emanuel Urquhart & Sullivan, LLP |
| Tyler, TX 75702 | 50 California Street, 22nd Floor |
| 903-597-8311 | San Francisco, CA 94111 |
| mikejones@potterminton.com | michelleclark@quinnemanuel.com |
| | davidperlson@quinnemanuel.com |

*Attorneys for Google Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 14, 2015.

/s/ *Miles Freeman*

Miles Freeman