IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **BRITE SMART CORP.** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civ. Action No. 2:14-cv-760-JRG-RSP |
| | § | |
| **GOOGLE INC.** | § | **JURY DEMANDED** |
| | § | |
| *Defendant*. | § | |
| | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
GOOGLE'S MOTION TO COMPEL DISCOVERY**

Plaintiff Brite Smart Corp. ("Brite Smart") files this Response in Opposition to the Motion to Compel Discovery (Dkt. 78) filed by Defendant Google, Inc. ("Google") and would respectfully show the Court the following:

**I.   BRITE SMART HAS TIMELY PRODUCED ITS DOCUMENTS**

Google's accusations that Brite Smart has not timely produced its documents are without merit.

**A.   Background**

Brite Smart wrote to Google on April 21, 2015 at approximately 5:00pm CST, stating in relevant part:

> I think we plan to send out maybe 10-15 additional pages of documents, probably tomorrow.
> …
> I'm planning to respond to your discovery letters tomorrow.

Ex. A at A12.

Instead of waiting until the following day to receive Brite Smart's response and documents, Google worked through the night to get its Motion to Compel on file at

1

approximately 2:00am CST the following morning, April 22, 2015. Brite Smart transmitted its discovery response letter with the recently-discovered documents (twelve pages) the following day, as it said it would. *See* Ex. A at A21.

It bears noting that Brite Smart completed the majority of its document production in this case by November 24, 2014. Katz Decl. ¶ 5. By contrast, Google did not *begin* its document production until December 10, 2014, and has continued to withhold documents as detailed in Brite Smart's Second Motion to Compel (Dkt. 80). Katz Decl. ¶ 6.

**B.     Discovery Regarding Entities with Alternate Spellings of "Brite Smart Corp."**

Google's February 25, 2015 letter requested that Brite Smart accept service on behalf of two other entities: "BriteSmart Corp." and "Brite Smart Corporation." Dkt. 78, Ex. 1 at 9. Brite Smart explained to Google's attorneys on a phone call that the two entity names appeared to be typographical errors for the name of the Plaintiff, "Brite Smart Corp." and thus counsel was unable to accept service.

Google disingenuously makes reference to "Brite Smart's various related corporate entities" in its Motion, but Google has been informed that such entities do not exist. *Compare* Motion at 2 *with* Ex A at A1, Brite Smart's letter to Google:

> **Brite Smart Discovery Regarding the Alternate Entity Spellings:**
> Your letters continue to refer to "BriteSmart Corp." and "Brite Smart Corporation" as "related entities." As we have explained, we believe that the two names, variations of "Brite Smart Corp.", are errors. Thus, they cannot be served. In addition, as far as we have been able to determine, the only documents in which the names appear are the patent files histories and assignment records, and we have produced those documents. I don't think that there is anything further to pursue with regard to these two entities, but please let me know if you disagree.
>
> Setting aside the name variations, I'm unaware of any relevant entities except for the inventor, Patrick Zuili, and Brite Smart LLC. Thus far, Brite Smart has not found documents pertaining to the LLC except, again, the assignment records and file histories which have been produced. However, with regard to the LLC, we are still searching for other documents. To the extent that we find relevant and

non-privileged documents as part of a diligent search, we agree to produce them expeditiously.

Thus Google's Motion requesting that the Court compel the production of documents for non-existent entities is wholly without merit.

### C. Brite Smart Corporate Documents

Google disingenuously states that Brite Smart "refused to produce documents" pertaining to its corporate organization. Not so. Indeed, Google's Motion fails to cite a single such refusal. Brite Smart performed a diligent search for relevant and non-privileged documents and produced the documents it found expeditiously. Indeed, far from refusing, Brite Smart explicitly told Google that it was going to do just that. *See* Ex. A at A1-2. When Brite Smart learned of the existence of twelve pages of additional documents on April 21, 2015, it immediately notified Google and produced the documents after receiving them the following day. *See* Ex. A at A12, A21.

Google's Motion is also less than forthcoming when it complains that Brite Smart stated it was only looking for documents "regarding only one of the several Brite Smart entities identified by Google." *See* Motion at 3. Based on Brite Smart's investigation, the only other entity that exists is "Brite Smart LLC." As explained in its letter, Brite Smart was looking for documents related to that entity because it's the only other "Brite Smart" entity known to exist. And Google has been made aware of that. *See* Ex. A at A1. For all of the above reasons, this Court should find that Google's complaints are wholly without merit.

## II. Google's Rule 30(b)(6) Deposition Notice to Brite Smart

By its Motion, Google seeks to compel Brite Smart to identify the particular witness for each of the 47 topics Google identified in its Rule 30(b)(6) deposition notice served on Brite Smart served on March 10, 2015. *See* Ex. B. Brite Smart responded on March 24, 2015 with a

proposed date for the deposition. Dkt. 78, Ex. 5 at 3. Google then complained that Brite Smart had not identified who the designated representatives would be for each topic. Brite Smart responded:

> **Google's Rule 30(b)(6) Deposition of Brite Smart:**
> As stated in your letter, Brite Smart offered a proposed date for Google's Rule 30(b)(6) deposition notice. It's unclear how the names of the witnesses that we identify for each topic would impact Google's ability to schedule the deposition or to generally prepare for the deposition. We have agreed to have one or more witnesses testify on behalf of Brite Smart on the proposed day. That said, Brite Smart plans to have Patrick Zuili testify as to questions generally regarding the invention and the related field of art and to have Michael Collins testify as to questions related to licensing. We will break down the specific notice topics prior to the deposition.

Ex. A at A1-2.

While Google concedes that Brite Smart identified the witnesses that would speak to categories of topics, Google complains that Brite Smart did not identify which of Brite Smart's witnesses would be designated specifically for *each* topic. Motion at 5-6. Brite Smart is not aware of any authority that requires it to identify each witness that is designated specifically on a topic-by-topic basis, and Google has cited no such authority. The only case cited by Google, *Collins v. Nissan NA, Inc.,* is bereft of any support for Google's position. *See* Ex. C. Nevertheless, Brite Smart had volunteered to break down the notice topics prior to the deposition as indicated above.

Google also complains that Brite Smart's identification of a date for Google's Rule 30(b)(6) Deposition Notice is "insufficient" because Google wanted to depose Brite Smart's 30(b)(6) witnesses in their personal capacities as well. Motion at 6. Yet, Google concedes that Brite Smart had already identified the witnesses to Google. Motion at 5-6 ("Brite Smart has noted that certain witnesses will testify as to generic categories… ."). Moreover, as explained in

the excerpt of Brite Smart's April 1 letter above, Brite Smart stated that it would break down the specific notice topics prior to the deposition.

In sum, Google's complaints regarding Google's Rule 30(b)(6) Deposition Notice to Brite Smart have no basis in law. More importantly, Google moved to compel the identification of witnesses on a topic-by-topic basis after Brite Smart had stated that it would provide such identification, even though it was not required to do so. Thus, this complaint is also wholly without merit.

### III. GOOGLE'S CERTIFICATE OF CONFERENCE

Additional evidence of Google's lack of good faith in filing its Motion is revealed in the Motion's Certificate of Conference which states that counsel conferred on March 16, 2015 "regarding <u>certain of</u> the issues present in this motion." Motion at 9 (emphasis added). Google appears to acknowledge that it did not fulfill the intent or the specific requirements of the conference requirement. For example, Google served its Rule 30(b)(6) Deposition Notice to Brite Smart on March 10, 2015, and at the time of the March 16th conference, nothing regarding Google's Notice was in dispute. *See* Ex. B.

### IV. CONCLUSION

Google's Motion is without merit. To the extent that its Motion ever had merit, it is now moot. Brite Smart produced the remaining twelve pages of documents as it stated that it would. And Brite Smart has always maintained that it would break down the specific Rule 30(b)(6) notice topics prior to the deposition. Google's Motion should be dismissed in its entirety.

| | |
|---|---|
| DATED: May 11, 2015 | Respectfully submitted, |

/s/ *Robert Katz*___
Robert D. Katz
Lead Attorney
State Bar No. 24057936
Email: rkatz@katzlawpllc.com
**KATZ PLLC**
6060 N. Central Expressway, Suite 560
Dallas, TX 75206
Phone: (214) 865-8000

Stafford Davis
State Bar No. 24054605
Email: sdavis@stafforddavisfirm.com
**THE STAFFORD DAVIS FIRM, PC**
305 South Broadway
Suite 406
Tyler, TX 75702
Phone: (903) 593-7000
Fax: (903) 703-7369

**ATTORNEYS FOR PLAINTIFF**
**BRITE SMART CORP.**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on date indicated above.

/s/ *Robert Katz*___
Robert Katz