# EXHIBIT A

Discovery Communications

Robert D. Katz
Katz PLLC
6060 North Central Expressway
Suite 560
Dallas, Texas 75206
214.865-8000 Telephone
888.231-5775 Facsimile
rkatz@katzlawpllc.com

April 1, 2015

VIA EMAIL

Michelle A. Clark
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
michelleclark@quinnemanuel.com

Re:     *Brite Smart Corp. v. Google Inc.*, USDC – E.D. Tex – Case No. 2:14-cv-760-JRG-RSP

Dear Michelle,

I write in response to your letter of March 25, 2015.  The following response is not intended to
be exhaustive.

**Model Patent Order:**
Since the date of your last letter the parties have had further conversations regarding the Model
Patent Order.  I think we've agreed to submit a joint motion and have each side present their
proposed order and corresponding arguments.  We have a call scheduled with your colleague
Lance Yang to further discuss the issue tomorrow.

**Brite Smart Discovery Regarding the Alternate Entity Spellings:**
Your letters continue to refer to "BriteSmart Corp." and "Brite Smart Corporation" as "related
entities."  As we have explained, we believe that the two names, variations of "Brite Smart
Corp.", are errors.  Thus, they cannot be served.  In addition, as far as we have been able to
determine, the only documents in which the names appear are the patent files histories and
assignment records, and we have produced those documents.  I don't think that there is anything
further to pursue with regard to these two entities, but please let me know if you disagree.

Setting aside the name variations, I'm unaware of any relevant entities except for the inventor,
Patrick Zuili, and Brite Smart LLC.  Thus far, Brite Smart has not found documents pertaining to
the LLC except, again, the assignment records and file histories which have been produced.
However, with regard to the LLC, we are still searching for other documents.  To the extent that
we find relevant and non-privileged documents as part of a diligent search, we agree to produce
them expeditiously.

**Google's Rule 30(b)(6) Deposition of Brite Smart:**
As stated in your letter, Brite Smart offered a proposed date for Google's Rule 30(b)(6)
deposition notice.  It's unclear how the names of the witnesses that we identify for each topic
would impact Google's ability to schedule the deposition or to generally prepare for the
deposition.  We have agreed to have one or more witnesses testify on behalf of Brite Smart on
the proposed day.  That said, Brite Smart plans to have Patrick Zuili testify as to questions
generally regarding the invention and the related field of art and to have Michael Collins testify

Page 2

as to questions related to licensing.  We will break down the specific notice topics prior to the
deposition.

**Google's Rule 30(b)(1) Depositions of Patrick Zuili and Third Parties:**
We agree to accept on behalf of Patrick Zuili.  Because Mr. Zuili is a corporate party's officer,
he should not be subpoenaed, but instead should be noticed for a deposition through a notice
issued under FRCP 30.  I don't represent and am unable to accept service on behalf of any of the
third-party witnesses that you identified.  In response to the other question in your letter, Brite
Smart has not subpoenaed any of the entities that you identified.

**Brite Smart's Document Production:**
I think that we addressed some of the topics regarding the documents you described in
connection with some of our interrogatory responses.  We will re-review the list.  To the extent
that we find relevant and non-privileged documents as part of a diligent search, we agree to
produce them expeditiously.

**Brite Smart's Supplemental Infringement Contentions:**
Of course we don't agree that our supplemental infringement contentions were untimely or
improper.  We agree that we have not had an opportunity to take additional action regarding the
infringement contentions.  That is largely because our understanding of Google's infringement
continues to evolve as Google make bits and pieces of long-requested source code available for
inspection and as we obtain a greater understanding of Google's click-fraud detection methods
through other means of discovery.  In addition, we have been constrained by other pressing
activities in the case schedule, notably those relating to claim construction.  The last issue is
particularly acute in light of the sheer number of claim terms Google has proposed for
construction.  Thus, at this point we are unable to provide a date certain by which we complete
supplementation of Brite Smart's infringement contentions.

**Claim Construction:**
Since the date of your letter, we have had a phone conference on March 27 during which we
discussed a number of claim constructions.  We have a follow-up call scheduled.

**Motion to Compel:**
Obviously the parties have a difference of opinion.  Many and possibly most of the deficiencies
identified in Brite Smart's Reply were identified in our various letters, e.g., our letters of
February 27, March 5, and March 12.

**Brite Smart's Deposition of Google Witnesses:**
As you know, we took the Rule 30(b)(1) deposition of Mr. Surdulescu yesterday.  As detailed in
our earlier email, we agreed to the deposition modifications.

**Brite Smart's Deposition of Johnny Chen:**
While we don't agree that anything was improper regarding Johnny Chen's subpoena, Brite
Smart has agreed to re-schedule the deposition of Johnny Chen.

Page 3

**Source Code Inspection / Production:**
As we have explained previously, it's difficult, if not impossible, for Brite Smart to identify relevant source code files by name.  Given Brite Smart's limited understanding regarding the organization and operation of Google's source code, it is also difficult for Brite Smart to provide a technical justification for each item of source code that it requests.  Thus, we feel that Google's position that "[a]s Google made very clear, its provision of the code and design documents was contingent on Brite Smart justifying its demands for further discovery on the enumerated filtering techniques" is inappropriate and not supportable by discovery rules that allow for broad discovery at this stage of the litigation.

**Brite Smart's Demand for Source Code Design Documentation Including "docs.google.com":**
First, Brite Smart would point out that Google's production of Google's design documents relating to its source code appears to have virtually ceased.  Brite Smart knows that the design documents exist (as you noted, we printed out an exemplary list).  Brite Smart also knows that Google has not produced them.

Yesterday, I probably spent over an hour deposing Mr. Surdulescu regarding the operation of source code that appears to be clearly relevant to the claims at issue, but that Google had previously believed was not relevant.  Google continues to take the same approach to its source code and design documentation, that is, requiring Brite Smart to seemingly make a prima facie case of infringement before agreeing to provide the requested material.  Brite Smart reiterates its belief that Google's position is squarely at odds with the Federal Rules.  Brite Smart further requests that Google produce its software design documents.  Brite Smart would further point out that it was requesting design documents that were referenced from within the very source code (presumably relevant) that Google had made available for inspection.

**Redesignation of Challenged Documents:**
Your March 25 letter is the first indication that you had limited the redesignated documents to those identified in Brite Smart's February 11 correspondence.  We were led to believe that you had redesignated the 162 documents identified in our December 31 correspondence and referenced in numerous letters since that time.  Indeed, Google's letter of March 10 stated that Google had redesignated *every single* file that Brite Smart requested.  We had also discussed the redesignation of these 162 files at our March 16 in-person meet-and-confer.  In addition, during the meeting we had informed Google that we had been unable to locate the redesignated files.

Very truly yours,

Robert Katz

**Robert Katz**

| | |
|---|---|
| **From:** | Lance Yang <lanceyang@quinnemanuel.com> |
| **Sent:** | Monday, April 06, 2015 5:26 PM |
| **To:** | 'Robert Katz' |
| **Cc:** | sdavis@stafforddavisfirm.com; 'Mike Jones'; QE-Brite Smart |
| **Subject:** | Brite Smart v. Google: subpeona of |
| **Attachments:** | Zuili Subpoena for deposition.pdf; Zuili Subpoena foc documents (with Exhibit A).pdf |

Counsel,

Please find the attached subpoenas for documents and deposition testimony for Mr. Zuili.  As we discussed on our call today, we are also available to take his deposition on April 28, 29, or 30 if that is more convenient.

Best,

**Lance Yang**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3360 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
lanceyang@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | | |
|---|---|---|
| Brite Smart Corp. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:14-cv-760-JRG-RSP |
| Google Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                    Patrick Zuili

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Shinder Law<br>398 Camino Gardens Blvd, Suite 109<br>Boca Raton, FL 33432 | Date and Time:<br>04/23/2015 9:00 am |
|---|---|

The deposition will be recorded by this method:  stenography and videography

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/06/2015

|                    CLERK OF COURT                    |                                       |
|---|---|
| | OR |
| _____ | /s/ Lance Yang<br>_____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Google Inc.
_____ , who issues or requests this subpoena, are:
Lance Yang; 865 S Figueroa St # 10, Los Angeles, CA 90017; lanceyang@quinnemanuel.com; 213-443-3000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**A-5**

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Robert Katz**

| | |
|---|---|
| **From:** | Robert Katz <rkatz@katzlawpllc.com> |
| **Sent:** | Tuesday, April 07, 2015 11:14 AM |
| **To:** | 'Lance Yang' |
| **Cc:** | 'sdavis@stafforddavisfirm.com'; 'Mike Jones'; 'QE-Brite Smart' |
| **Subject:** | RE: Brite Smart v. Google: subpeona of |

Hi Lance,

As I previously explained in my letter and again on the phone, a subpoena for Mr. Zuili's testimony is not appropriate.  Mr. Zuili is the owner of Brite Smart.  Thus, a notice of deposition should be used.

As for the subpoena for documents, it too is improper.  Rule 45 subpoenas are used to obtain documents from non-parties and are not meant to be an end-run around the regular discovery process.  Please do not circumvent the Rules.

Please confirm that you have withdrawn Google's improper subpoenas.  If you will withdraw both subpoenas and issue a deposition notice for his testimony, I'll check on his available dates.

Thanks,
- Bob

**From:** Lance Yang [mailto:lanceyang@quinnemanuel.com]
**Sent:** Monday, April 06, 2015 5:26 PM
**To:** 'Robert Katz'
**Cc:** sdavis@stafforddavisfirm.com; 'Mike Jones'; QE-Brite Smart
**Subject:** Brite Smart v. Google: subpeona of

Counsel,

Please find the attached subpoenas for documents and deposition testimony for Mr. Zuili.  As we discussed on our call today, we are also available to take his deposition on April 28, 29, or 30 if that is more convenient.

Best,

**Lance Yang**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3360 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
lanceyang@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**Robert Katz**

| | |
|---|---|
| **From:** | Lance Yang <lanceyang@quinnemanuel.com> |
| **Sent:** | Wednesday, April 08, 2015 12:44 PM |
| **To:** | 'Robert Katz' |
| **Cc:** | sdavis@stafforddavisfirm.com; 'Mike Jones'; QE-Brite Smart |
| **Subject:** | RE: Brite Smart v. Google: subpeona of |

Bob,

We are puzzled by your current position that a deposition for Mr. Zuili's testimony is not appropriate.  You point to nothing in Rule 45 that says the Zuili's subpoena is improper due to his status as an owner.  And as you know, Brite Smart itself served subpoenas for the depositions of Google employees and Brite Smart refused to withdraw them.  Counsel for Google agreed to accept service on behalf of these employees, as you have done for Mr. Zuili in your letter of April 1, 2015.

Nor is the subpoena for documents improper.  As I explained on our call on Monday, as an inventor of the patents-in-suit Zuili may have documents separate and apart from Plaintiff.  The document subpoena is particularly appropriate here given the paucity of Brite Smart's production to date.  Again, you cite nothing in Rule 45 to the contrary.

While, as we indicated, we are happy to work with you for a mutually convenient date for the Zuili deposition in a reasonable timeframe, Google will not withdraw these subpoenas.  We expect Zuili to abide by them.

If you feel a meet and confer would be helpful, we are happy to discuss.

Thanks,
Lance

**From:** Robert Katz [mailto:rkatz@katzlawpllc.com]
**Sent:** Tuesday, April 07, 2015 9:14 AM
**To:** Lance Yang
**Cc:** sdavis@stafforddavisfirm.com; 'Mike Jones'; QE-Brite Smart
**Subject:** RE: Brite Smart v. Google: subpeona of

Hi Lance,

As I previously explained in my letter and again on the phone, a subpoena for Mr. Zuili's testimony is not appropriate.  Mr. Zuili is the owner of Brite Smart.  Thus, a notice of deposition should be used.

As for the subpoena for documents, it too is improper.  Rule 45 subpoenas are used to obtain documents from non-parties and are not meant to be an end-run around the regular discovery process.  Please do not circumvent the Rules.

Please confirm that you have withdrawn Google's improper subpoenas.  If you will withdraw both subpoenas and issue a deposition notice for his testimony, I'll check on his available dates.

Thanks,
- Bob

**From:** Lance Yang [mailto:lanceyang@quinnemanuel.com]
**Sent:** Monday, April 06, 2015 5:26 PM

**To:** 'Robert Katz'
**Cc:** sdavis@stafforddavisfirm.com; 'Mike Jones'; QE-Brite Smart
**Subject:** Brite Smart v. Google: subpeona of

Counsel,

Please find the attached subpoenas for documents and deposition testimony for Mr. Zuili.  As we discussed on our call today, we are also available to take his deposition on April 28, 29, or 30 if that is more convenient.

Best,

**Lance Yang**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3360 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
lanceyang@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**Robert Katz**

| | |
|---|---|
| **From:** | Robert Katz <rkatz@katzlawpllc.com> |
| **Sent:** | Monday, April 13, 2015 2:31 PM |
| **To:** | 'Lance Yang' |
| **Cc:** | 'sdavis@stafforddavisfirm.com'; 'Mike Jones'; 'QE-Brite Smart' |
| **Subject:** | RE: Brite Smart v. Google: subpeona of |

Hi Lance,

As I've explained, a subpoena for Mr. Zuili is improper.  Because Google has chosen to abuse the use of subpoenas, I withdraw my authorization to accept service of subpoenas on behalf of Mr. Zuili.

A party's officers, directors and managing agents should not be subpoenaed, but should be noticed to appear for a deposition through a notice issued under FRCP 30 (see Stone v. Morton Int'l, Inc., 170 F.R.D. 498, 503-04 (D. Utah 1997)). Lower-level corporate employees should be subpoenaed (see O'Connor v. Trans Union Corp., No. 97-cv- 4633, 1998 WL 372667, at *2-3 (E.D. Pa. May 11, 1998)).

In addition, Google's subpoena for testimony is also invalid for failure to tender a witness fee.

Please withdraw your improper subpoenas.  Please send me a deposition notice and I'll check with Mr. Zuili for available dates.

Thanks,
- Bob

**From:** Lance Yang [mailto:lanceyang@quinnemanuel.com]
**Sent:** Wednesday, April 08, 2015 12:44 PM
**To:** 'Robert Katz'
**Cc:** sdavis@stafforddavisfirm.com; 'Mike Jones'; QE-Brite Smart
**Subject:** RE: Brite Smart v. Google: subpeona of

Bob,

We are puzzled by your current position that a deposition for Mr. Zuili's testimony is not appropriate.  You point to nothing in Rule 45 that says the Zuili's subpoena is improper due to his status as an owner.  And as you know, Brite Smart itself served subpoenas for the depositions of Google employees and Brite Smart refused to withdraw them.  Counsel for Google agreed to accept service on behalf of these employees, as you have done for Mr. Zuili in your letter of April 1, 2015.

Nor is the subpoena for documents improper.  As I explained on our call on Monday, as an inventor of the patents-in-suit Zuili may have documents separate and apart from Plaintiff.  The document subpoena is particularly appropriate here given the paucity of Brite Smart's production to date.  Again, you cite nothing in Rule 45 to the contrary.

While, as we indicated, we are happy to work with you for a mutually convenient date for the Zuili deposition in a reasonable timeframe, Google will not withdraw these subpoenas.  We expect Zuili to abide by them.

If you feel a meet and confer would be helpful, we are happy to discuss.

Thanks,

Lance

---

**From:** Robert Katz [mailto:rkatz@katzlawpllc.com]
**Sent:** Tuesday, April 07, 2015 9:14 AM
**To:** Lance Yang
**Cc:** sdavis@stafforddavisfirm.com; 'Mike Jones'; QE-Brite Smart
**Subject:** RE: Brite Smart v. Google: subpeona of

Hi Lance,

As I previously explained in my letter and again on the phone, a subpoena for Mr. Zuili's testimony is not appropriate.  Mr. Zuili is the owner of Brite Smart.  Thus, a notice of deposition should be used.

As for the subpoena for documents, it too is improper.  Rule 45 subpoenas are used to obtain documents from non-parties and are not meant to be an end-run around the regular discovery process.  Please do not circumvent the Rules.

Please confirm that you have withdrawn Google's improper subpoenas.  If you will withdraw both subpoenas and issue a deposition notice for his testimony, I'll check on his available dates.

Thanks,
- Bob

---

**From:** Lance Yang [mailto:lanceyang@quinnemanuel.com]
**Sent:** Monday, April 06, 2015 5:26 PM
**To:** 'Robert Katz'
**Cc:** sdavis@stafforddavisfirm.com; 'Mike Jones'; QE-Brite Smart
**Subject:** Brite Smart v. Google: subpeona of

Counsel,

Please find the attached subpoenas for documents and deposition testimony for Mr. Zuili.  As we discussed on our call today, we are also available to take his deposition on April 28, 29, or 30 if that is more convenient.

Best,

**Lance Yang**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3360 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
lanceyang@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**Robert Katz**

| | |
|---|---|
| **From:** | Robert Katz <rkatz@katzlawpllc.com> |
| **Sent:** | Tuesday, April 21, 2015 4:59 PM |
| **To:** | 'Stafford Davis'; 'Michelle A. Clark' |
| **Cc:** | 'Miles Freeman'; 'Mike Jones'; 'Jo Vallery'; 'QE-Brite Smart' |
| **Subject:** | RE: Brite Smart v. Google: Discovery Correspondence |

Michelle,

I think we plan to send out maybe 10-15 additional pages of documents, probably tomorrow.  If you want to defer the deposition, please let us know by this evening because Mr. Zuili has some other schedule commitments that he is trying to work around.

The deposition will be in his personal capacity.

Because Stafford has some scheduling issues later in the day on the 29th, we'd like to handle the meet/confer on the morning of the 29th so that he does not need to stay all day.

I'm planning to respond to your discovery letters tomorrow.

Thanks,
- Bob

**From:** Stafford Davis [mailto:sdavis@stafforddavisfirm.com]
**Sent:** Tuesday, April 21, 2015 1:54 PM
**To:** Michelle A. Clark
**Cc:** Robert Katz; Miles Freeman; Mike Jones; Jo Vallery; QE-Brite Smart
**Subject:** Re: Brite Smart v. Google: Discovery Correspondence

29th would work better.

Sent from my iPhone

On Apr 21, 2015, at 1:48 PM, Michelle A. Clark <michelleclark@quinnemanuel.com> wrote:

> Please check and let us know.  I could do it after the deposition ends on the 29th if necessary as well – though need to check with Mike's availability.

> **From:** Stafford Davis [mailto:sdavis@stafforddavisfirm.com]
> **Sent:** Tuesday, April 21, 2015 11:47 AM
> **To:** Michelle A. Clark
> **Cc:** Robert Katz; Miles Freeman; Mike Jones; Jo Vallery; QE-Brite Smart
> **Subject:** Re: Brite Smart v. Google: Discovery Correspondence

> April 30th most likely does not work for me.

> Sent from my iPhone

> On Apr 21, 2015, at 1:37 PM, Michelle A. Clark <michelleclark@quinnemanuel.com> wrote:

Bob,

Google will proceed with Mr. Zuilli's deposition on April 29.  We note that we have expressed concerns with document production to date, but Plaintiff has expressed that it and Zuili has already have already produced the relevant documentary evidence they have.  We reserve all rights to further discovery should this prove incorrect.

In addition, we would like to confirm our in-person conference on April 30 – i.e., the day after Mr. Zuilli's deposition.  During that meeting, we can also work out any remaining issues regarding the deposition exhibits and ensuring that Brite Smart has three copies of the source code that it has printed from the inspection terminal.

Please confirm that this proposed schedule works for you.

Best,
Michelle

---

**From:** Robert Katz [mailto:rkatz@katzlawpllc.com]
**Sent:** Tuesday, April 14, 2015 6:34 AM
**To:** Michelle A. Clark; Miles Freeman
**Cc:** sdavis@stafforddavisfirm.com; 'Mike Jones'; 'Jo Vallery'; QE-Brite Smart
**Subject:** RE: Brite Smart v. Google: Discovery Correspondence

Michelle,

I'm a bit tied up with travel today, but I wanted to address your email.  First, your various communications make it difficult to understand Google's position.  In your April 10 letter, you cite alleged deficiencies to our interrogatory responses and then ask us to advise you of our availability for an in-person meet-and-confer.  Of course, that's entirely premature because we haven't even had an opportunity to respond to the allegations and thus there is no dispute.  Nonetheless, we complied with your request by advising you of our availability.

In your email below, you state that the issues that are to be addressed at the proposed in-person meet-and-confer are those identified in <u>my</u> letter, which are an entirely different set of issues.  The issues raised in our letter involve amendment of our infringement contentions and Google's failure to comply with its discovery obligations.  While we appreciate that Google wants to promptly address these two issues, Stafford has a client engagement on Thursday that creates a schedule conflict for him.  As I'd mentioned, I have a mediation on Friday.  I suggest that you consider some of the proposals we've made.  I would also ask that you consider that Brite Smart was patient with Google and understanding of its schedule when we were arranging an in-person meet-and-confer back in February-March.

Thanks,
- Bob

---

**From:** Michelle A. Clark [mailto:michelleclark@quinnemanuel.com]
**Sent:** Monday, April 13, 2015 10:35 PM
**To:** 'Robert Katz'; Miles Freeman
**Cc:** sdavis@stafforddavisfirm.com; 'Mike Jones'; 'Jo Vallery'; QE-Brite Smart
**Subject:** RE: Brite Smart v. Google: Discovery Correspondence

Bob,

On the meet and confer issue, as we indicated last week, our team is available in the Bay Area when you are here.   Thus, it is our team's preference to meet here on Thursday.  You have not stated any reason why Brite Smart's local counsel cannot be here, which seems to be the only real gating issue to an in person meet and confer this week.   Someone will always we need to travel, as I did last time.  So the need to travel should not be a basis to put off the meet and confer.  As for the issues to be addressed, you already set them forth in your email today.   We will be prepared to address them.


Best,
Michelle


**From:** Robert Katz [mailto:rkatz@katzlawpllc.com]
**Sent:** Monday, April 13, 2015 6:30 PM
**To:** Michelle A. Clark; Miles Freeman
**Cc:** sdavis@stafforddavisfirm.com; 'Mike Jones'; 'Jo Vallery'; QE-Brite Smart
**Subject:** RE: Brite Smart v. Google: Discovery Correspondence

Hi Michelle,

I don't think arranging a conference this week is going to work for a number of reasons.  There are other items that Brite Smart likely needs to discuss with Google during the in-person conference.  And as you know, I'm preparing for and conducting the deposition of Mr. Turner.  I don't see how I can pull together the additional information to also prepare for the conference this week.

In addition, I'm not sure why it would make sense to fly two additional individuals out there to have the conference when only one person from QE would need to travel to Dallas or Tyler.  And I'd still need to confirm Stafford's last-minute availability.  If it's that urgent, we can probably set something up next week (except Monday).  But, since one (or more) of your team are likely to be here in the next two weeks, it makes sense to do it then.

I'm not aware of any additional documents that are in Mr. Zuili's possession that have not already been produced, so that should not impact preparation for his deposition.

Thanks,
- Bob

**From:** Michelle A. Clark [mailto:michelleclark@quinnemanuel.com]
**Sent:** Monday, April 13, 2015 4:00 PM
**To:** 'Robert Katz'; Miles Freeman
**Cc:** sdavis@stafforddavisfirm.com; 'Mike Jones'; 'Jo Vallery'; QE-Brite Smart
**Subject:** RE: Brite Smart v. Google: Discovery Correspondence

Bob,

I am not sure I understand why scheduling a conference when we're both already going to be in the same place, at the same time is "too last minute." This is particularly true because Mike already confirmed his availability and I haven't heard anything from Stafford suggesting he is not available. If the issue is Stafford's schedule, please let me know the conflict.

In parallel, I will figure out whether your proposed date/location for Mr. Zuilli's deposition works. To facilitate that process, please confirm that we'll have Brite Smart's and Mr. Zuilli's document productions sufficiently in advance of the proposed April 29 date that we can meaningfully consider them in advance of the deposition.

Thanks!

Best,
Michelle

**From:** Robert Katz [mailto:rkatz@katzlawpllc.com]
**Sent:** Monday, April 13, 2015 1:01 PM
**To:** Michelle A. Clark; Miles Freeman
**Cc:** sdavis@stafforddavisfirm.com; 'Mike Jones'; 'Jo Vallery'; QE-Brite Smart
**Subject:** RE: Brite Smart v. Google: Discovery Correspondence

Hi Michelle,

Trying to schedule a conference this week may be too last-minute. We have to coordinate this with Stafford's schedule also.

How about if we put Mr. Zuili up for his deposition on April 29th in Dallas? Then we can have the conference before or after his deposition according to your schedule and Mike's schedule.

Please let us know your thoughts.

Thanks,
- Bob

**From:** Robert Katz [mailto:rkatz@katzlawpllc.com]
**Sent:** Monday, April 13, 2015 2:30 PM
**To:** 'Michelle A. Clark'; 'Miles Freeman'
**Cc:** 'sdavis@stafforddavisfirm.com'; 'Mike Jones'; 'Jo Vallery'; 'QE-Brite Smart'
**Subject:** RE: Brite Smart v. Google: Discovery Correspondence

Hi Michelle,

Please see the attached letter.

Thanks,
- Bob

**From:** Robert Katz [mailto:rkatz@katzlawpllc.com]
**Sent:** Monday, April 13, 2015 2:22 PM

**To:** 'Michelle A. Clark'; 'Miles Freeman'
**Cc:** 'sdavis@stafforddavisfirm.com'; 'Mike Jones'; 'Jo Vallery'; 'QE-Brite Smart'
**Subject:** RE: Brite Smart v. Google: Discovery Correspondence

Hi Michelle,

I plan to get a letter out to you shortly, but I think that given that both of our local counsel are in Tyler, that the conference should be held in Tyler.  Also, I'll be in a mediation on Friday.

Thanks,
- Bob

**From:** Michelle A. Clark [mailto:michelleclark@quinnemanuel.com]
**Sent:** Monday, April 13, 2015 1:11 PM
**To:** Miles Freeman; Robert Katz
**Cc:** sdavis@stafforddavisfirm.com; Mike Jones; Jo Vallery; QE-Brite Smart
**Subject:** Re: Brite Smart v. Google: Discovery Correspondence

Hi Bob,

Just following up on our correspondence from last week.  Can you please confirm that Brite Smart's lead and local will be available to participate in an in-person conference this week in the Bay Area.  We can plan it around Mr. Turner's deposition.  Thursday or Friday works for us.

Thanks.

Best,
Michelle

**From:** Miles Freeman
**Sent:** Friday, April 10, 2015 5:37 PM
**To:** Robert Katz
**Cc:** sdavis@stafforddavisfirm.com; Mike Jones; Jo Vallery; QE-Brite Smart
**Subject:** Brite Smart v. Google: Discovery Correspondence

Counsel,

Please see the attached correspondence.

Best,
Miles

**Miles Freeman**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6479 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
milesfreeman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

Robert D. Katz
Katz PLLC
6060 North Central Expressway
Suite 560
Dallas, Texas 75206
214.865-8000 Telephone
888.231-5775 Facsimile
rkatz@katzlawpllc.com

April 22, 2015

<span style="text-decoration: underline;">VIA EMAIL</span>

Michelle A. Clark
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
michelleclark@quinnemanuel.com

Re:     *Brite Smart Corp. v. Google Inc.,* USDC – E.D. Tex – Case No. 2:14-cv-760-JRG-RSP

Dear Michelle,

I write in response to your letters of April 10, 2015 and April 14, 2015.  The following response is not intended to be exhaustive.

**Google's Depositions of Brite Smart's Corporate Representatives:**
As we explained in our email from yesterday, Mr. Zuili will be testifying in his personal capacity on April 29.  As you are aware, that was always the case, as (1) you stated that you wanted the inventor's deposition in advance of the claim construction discovery deadline and (2) you had your associate draft an obviously improper subpoena for Mr. Zuili, who was clearly identified as Brite Smart's owner in our Initial Disclosures.  As for the identification of which witness will be testifying regarding the 30(b)(6) topics, we have previously explained in our letter of April 1, 2015 that this has no effect on Google's preparation.  Nevertheless, if you wish, we will be happy to provide a topic-by-topic breakdown in advance of the deposition so that the deposition can be segregated into two parts.  Google's insistence on a topic-by-topic breakdown is premature in light of the fact that Google has not even agreed to a date for the deposition.  Moreover, Google has not explained how the identification of the witnesses that Brite Smart appoints would be pertinent to Google's preparation.  Brite Smart stated a very long time ago that Michael Collins and Patrick Zuili would testify on behalf of Brite Smart, and offered to identify dates when both individuals (and counsel) would be available.  On March 24, 2015, Brite Smart offered May 22 as the date for the 30(b)(6) deposition.  Google failed to respond to our proposal.  Since almost a month has gone by, please let us know whether you still want to proceed with the deposition, as we will need to reconfirm the dates with Messrs. Collins and Zuili.

**Google's Production of Documents and Source Code:**
Without admitting that it has failed to comply with its discovery obligations under both the Federal and Local Rules, Google takes the position that it has provided *what it considers to be* the relevant source code in the case.  Google has failed to produce:

1. The source code for all of its click-fraud detection filters.
2. The GCL files needed to understand the operation of Google's click-fraud detection filters.

Page 2

3. The source code that processes incoming clicks.
4. The source code that creates cookies and other codes that are sent to Google clients.
5. The design documents for the above source code.

**Brite Smart's Requests for Re-Designation of Documents Improperly Designated as Source Code:**

In your letter of April 14, Google alleges that it in unaware of other documents that Brite Smart has identified as improperly designated. Brite Smart has written about this in several letters, the first of which was sent at the end of last year.

Our February 9 letter identifies some history:

> Improper Protective Order Designations:
> Brite Smart wrote to Google on December 31, 2014 complaining of its improper designation of various documents as "source code" under the protective order. After receiving no response, Brite Smart wrote to Google again on January 12, 2015, asking for a time between January 14 through January 16, 2015 to meet and confer on the issue. Google replied on January 12, 2015, stating, in part that Google was "re-reviewing" the documents, but failed to reply to Brite Smart's request to meet and confer. Brite Smart wrote to Google again on January 15, 2015, again asking Google to meet and confer within the following seven days. Google never responded to that request either. We understand by your letter of February 6, 2015 that Google has agreed to down-designate 6 of the 162 documents. We also understand that Google is maintaining that its "source code" designation on the remaining 156 documents is proper. We disagree and request a meet-and-confer, in-person or otherwise, regarding the issue. We believe it would be best for Google's lead and local counsel to meet with us in Dallas or Tyler, and to bring a copy of the challenged documents with them so that they may be reviewed and discussed together by all counsel. Please let us know of Google's availability no later than tomorrow.

Our letter of April 1 also identifies the documents:

> Your March 25 letter is the first indication that you had limited the redesignated documents to those identified in Brite Smart's February 11 correspondence. We were led to believe that you had redesignated the 162 documents identified in our December 31 correspondence and referenced in numerous letters since that time. Indeed, Google's letter of March 10 stated that Google had redesignated *every single* file that Brite Smart requested. We had also discussed the redesignation of these 162 files at our March 16 in-person meet-and-confer. In addition, during the meeting we had informed Google that we had been unable to locate the redesignated files.

Page 3

**Other of Brite Smart's Document Requests:**
RFP 11:  Google's failure to produce documents relating to the efficacy or its click-fraud signals and filters.  According to Mr. Surdulescu, Google produced reports regarding counts of suspected click-fraud traffic on a per-filter basis within the past six months.  See Surdulescu Tr. 142:25-149:15.

RFP 166:  As stated in your letter of April 14, Google has not produced the requested documents.

RFP 168:  Google's refusal to produce documents concerning any invention disclosures or pending or abandoned patent applications relating to click-fraud.  Here, "documents concerning" involves file histories of pending or abandoned applications, which Google has failed to produce.

**Google's Production of the Yahoo! License Agreement:**
Brite Smart agrees to the designation.


Please be prepared to address the above topics during our in-person meet-and-confer next week.


Very truly yours,

Robert Katz

**Robert Katz**

| | |
|---|---|
| **From:** | Robert Katz <rkatz@katzlawpllc.com> |
| **Sent:** | Wednesday, April 22, 2015 6:13 PM |
| **To:** | 'Michelle A. Clark' |
| **Cc:** | 'Stafford Davis'; 'Miles Freeman'; 'Mike Jones'; 'Jo Vallery'; 'QE-Brite Smart' |
| **Subject:** | RE: Brite Smart v. Google: Discovery Correspondence |
| **Attachments:** | BSC 002205-BSC 002211.pdf; BSC 002212-BSC 002216.pdf |

Michelle,

Please see the attached documents produced by Brite Smart as Bates BSC 002205-2216.

Thanks,
- Bob

**From:** Robert Katz [mailto:rkatz@katzlawpllc.com]
**Sent:** Wednesday, April 22, 2015 6:11 PM
**To:** 'Michelle A. Clark'
**Cc:** 'Stafford Davis'; 'Miles Freeman'; 'Mike Jones'; 'Jo Vallery'; 'QE-Brite Smart'
**Subject:** RE: Brite Smart v. Google: Discovery Correspondence

Michelle,

Please see the attached discovery correspondence.

Thanks,
- Bob

**From:** Michelle A. Clark [mailto:michelleclark@quinnemanuel.com]
**Sent:** Tuesday, April 21, 2015 10:16 PM
**To:** Robert Katz
**Cc:** Stafford Davis; Miles Freeman; Mike Jones; Jo Vallery; QE-Brite Smart
**Subject:** Re: Brite Smart v. Google: Discovery Correspondence

Bob,


We intend to proceed as explained in my prior email.   We are also amenable to conducting the in-person conference immediately before the deposition commences on April 29.   We suggest we meet and confer at 8:30 a.m. so that we can start the deposition at 9:30 a.m.


We will do the deposition and also the in-person conference at a conference room at the DFW Grand Hyatt, which should be a location convenient for everyone since it is at the airport.

Best,

Michelle

On Apr 21, 2015, at 2:58 PM, Robert Katz <rkatz@katzlawpllc.com> wrote:

Michelle,

I think we plan to send out maybe 10-15 additional pages of documents, probably tomorrow.  If you want to defer the deposition, please let us know by this evening because Mr. Zuili has some other schedule commitments that he is trying to work around.

The deposition will be in his personal capacity.

Because Stafford has some scheduling issues later in the day on the 29th, we'd like to handle the meet/confer on the morning of the 29th so that he does not need to stay all day.

I'm planning to respond to your discovery letters tomorrow.

Thanks,
- Bob

**From:** Stafford Davis [mailto:sdavis@stafforddavisfirm.com]
**Sent:** Tuesday, April 21, 2015 1:54 PM
**To:** Michelle A. Clark
**Cc:** Robert Katz; Miles Freeman; Mike Jones; Jo Vallery; QE-Brite Smart
**Subject:** Re: Brite Smart v. Google: Discovery Correspondence

29th would work better.

Sent from my iPhone

On Apr 21, 2015, at 1:48 PM, Michelle A. Clark <michelleclark@quinnemanuel.com> wrote:

Please check and let us know.  I could do it after the deposition ends on the 29th if necessary as well – though need to check with Mike's availability.

**From:** Stafford Davis [mailto:sdavis@stafforddavisfirm.com]
**Sent:** Tuesday, April 21, 2015 11:47 AM
**To:** Michelle A. Clark
**Cc:** Robert Katz; Miles Freeman; Mike Jones; Jo Vallery; QE-Brite Smart
**Subject:** Re: Brite Smart v. Google: Discovery Correspondence

April 30th most likely does not work for me.

Sent from my iPhone

On Apr 21, 2015, at 1:37 PM, Michelle A. Clark <michelleclark@quinnemanuel.com> wrote:

Bob,

Google will proceed with Mr. Zuilli's deposition on April 29.  We note that we have expressed concerns with document production to date, but Plaintiff has expressed that it and Zuili has already have already produced the relevant documentary evidence they have.  We reserve all rights to further discovery should this prove incorrect.

In addition, we would like to confirm our in-person conference on April 30 – i.e., the day after Mr. Zuilli's deposition.  During that meeting, we can also work out any remaining issues regarding the deposition exhibits and ensuring that Brite Smart has three copies of the source code that it has printed from the inspection terminal.

Please confirm that this proposed schedule works for you.

Best,
Michelle

---

**From:** Robert Katz [mailto:rkatz@katzlawpllc.com]
**Sent:** Tuesday, April 14, 2015 6:34 AM
**To:** Michelle A. Clark; Miles Freeman
**Cc:** sdavis@stafforddavisfirm.com; 'Mike Jones'; 'Jo Vallery'; QE-Brite Smart
**Subject:** RE: Brite Smart v. Google: Discovery Correspondence

Michelle,

I'm a bit tied up with travel today, but I wanted to address your email.  First, your various communications make it difficult to understand Google's position.  In your April 10 letter, you cite alleged deficiencies to our interrogatory responses and then ask us to advise you of our availability for an in-person meet-and-confer.  Of course, that's entirely premature because we haven't even had an opportunity to respond to the allegations and thus there is no dispute.  Nonetheless, we complied with your request by advising you of our availability.

In your email below, you state that the issues that are to be addressed at the proposed in-person meet-and-confer are those identified in my letter, which are an entirely different set of issues.  The issues raised in our letter involve amendment of our infringement contentions and Google's failure to comply with its discovery obligations.  While we appreciate that Google wants to promptly address these two issues, Stafford has a client engagement on Thursday that creates a schedule conflict for him.  As I'd mentioned, I have a mediation on Friday.  I suggest that you consider some of the proposals we've made.  I would also ask that you consider that Brite Smart was patient with Google and understanding of its schedule when we were arranging an in-person meet-and-confer back in February-March.

Thanks,
- Bob

**From:** Michelle A. Clark [mailto:michelleclark@quinnemanuel.com]
**Sent:** Monday, April 13, 2015 10:35 PM
**To:** 'Robert Katz'; Miles Freeman
**Cc:** sdavis@stafforddavisfirm.com; 'Mike Jones'; 'Jo Vallery'; QE-Brite Smart
**Subject:** RE: Brite Smart v. Google: Discovery Correspondence

Bob,

On the meet and confer issue, as we indicated last week, our team is available in the Bay Area when you are here.   Thus, it is our team's preference to meet here on Thursday.  You have not stated any reason why Brite Smart's local counsel cannot be here, which seems to be the only real gating issue to an in person meet and confer this week.   Someone will always we need to travel, as I did last time.  So the need to travel should not be a basis to put off the meet and confer.  As for the issues to be addressed, you already set them forth in your email today.   We will be prepared to address them.


Best,
Michelle



**From:** Robert Katz [mailto:rkatz@katzlawpllc.com]
**Sent:** Monday, April 13, 2015 6:30 PM
**To:** Michelle A. Clark; Miles Freeman
**Cc:** sdavis@stafforddavisfirm.com; 'Mike Jones'; 'Jo Vallery'; QE-Brite Smart
**Subject:** RE: Brite Smart v. Google: Discovery Correspondence

Hi Michelle,

I don't think arranging a conference this week is going to work for a number of reasons.  There are other items that Brite Smart likely needs to discuss with Google during the in-person conference.  And as you know, I'm preparing for and conducting the deposition of Mr. Turner.  I don't see how I can pull together the additional information to also prepare for the conference this week.

In addition, I'm not sure why it would make sense to fly two additional individuals out there to have the conference when only one person from QE would need to travel to Dallas or Tyler.  And I'd still need to confirm Stafford's last-minute availability.  If it's that urgent, we can probably set something up next week (except Monday).  But, since one (or more) of your team are likely to be here in the next two weeks, it makes sense to do it then.

I'm not aware of any additional documents that are in Mr. Zuili's
possession that have not already been produced, so that should not
impact preparation for his deposition.

Thanks,
- Bob

**From:** Michelle A. Clark [mailto:michelleclark@quinnemanuel.com]
**Sent:** Monday, April 13, 2015 4:00 PM
**To:** 'Robert Katz'; Miles Freeman
**Cc:** sdavis@stafforddavisfirm.com; 'Mike Jones'; 'Jo Vallery'; QE-Brite
Smart
**Subject:** RE: Brite Smart v. Google: Discovery Correspondence

Bob,

I am not sure I understand why scheduling a conference when we're
both already going to be in the same place, at the same time is "too last
minute."  This is particularly true because Mike already confirmed his
availability and I haven't heard anything from Stafford suggesting he is
not available.  If the issue is Stafford's schedule, please let me know the
conflict.

In parallel, I will figure out whether your proposed date/location for Mr.
Zuilli's deposition works.  To facilitate that process, please confirm that
we'll have Brite Smart's and Mr. Zuilli's document productions
sufficiently in advance of the proposed April 29 date that we can
meaningfully consider them in advance of the deposition.

Thanks!

Best,
Michelle

**From:** Robert Katz [mailto:rkatz@katzlawpllc.com]
**Sent:** Monday, April 13, 2015 1:01 PM
**To:** Michelle A. Clark; Miles Freeman
**Cc:** sdavis@stafforddavisfirm.com; 'Mike Jones'; 'Jo Vallery'; QE-Brite
Smart
**Subject:** RE: Brite Smart v. Google: Discovery Correspondence

Hi Michelle,

Trying to schedule a conference this week may be too last-minute.  We
have to coordinate this with Stafford's schedule also.

How about if we put Mr. Zuili up for his deposition on April 29th in
Dallas?  Then we can have the conference before or after his deposition
according to your schedule and Mike's schedule.

Please let us know your thoughts.

Thanks,
- Bob

---

**From:** Robert Katz [mailto:rkatz@katzlawpllc.com]
**Sent:** Monday, April 13, 2015 2:30 PM
**To:** 'Michelle A. Clark'; 'Miles Freeman'
**Cc:** 'sdavis@stafforddavisfirm.com'; 'Mike Jones'; 'Jo Vallery'; 'QE-Brite Smart'
**Subject:** RE: Brite Smart v. Google: Discovery Correspondence

Hi Michelle,

Please see the attached letter.

Thanks,
- Bob

---

**From:** Robert Katz [mailto:rkatz@katzlawpllc.com]
**Sent:** Monday, April 13, 2015 2:22 PM
**To:** 'Michelle A. Clark'; 'Miles Freeman'
**Cc:** 'sdavis@stafforddavisfirm.com'; 'Mike Jones'; 'Jo Vallery'; 'QE-Brite Smart'
**Subject:** RE: Brite Smart v. Google: Discovery Correspondence

Hi Michelle,

I plan to get a letter out to you shortly, but I think that given that both of our local counsel are in Tyler, that the conference should be held in Tyler.  Also, I'll be in a mediation on Friday.

Thanks,
- Bob

---

**From:** Michelle A. Clark [mailto:michelleclark@quinnemanuel.com]
**Sent:** Monday, April 13, 2015 1:11 PM
**To:** Miles Freeman; Robert Katz
**Cc:** sdavis@stafforddavisfirm.com; Mike Jones; Jo Vallery; QE-Brite Smart
**Subject:** Re: Brite Smart v. Google: Discovery Correspondence

Hi Bob,

Just following up on our correspondence from last week.  Can you please confirm that Brite Smart's lead and local will be available to participate in an in-person conference this week in the Bay Area.  We can plan it around Mr. Turner's deposition.  Thursday or Friday works for us.

Thanks.

Best,

6
**A-26**

Michelle

---

**From:** Miles Freeman
**Sent:** Friday, April 10, 2015 5:37 PM
**To:** Robert Katz
**Cc:** sdavis@stafforddavisfirm.com; Mike Jones; Jo Vallery; QE-Brite Smart
**Subject:** Brite Smart v. Google: Discovery Correspondence

Counsel,

Please see the attached correspondence.

Best,
Miles

**Miles Freeman**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6479 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
milesfreeman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.