**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **BRITE SMART CORP.** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **Civ. Action No. 2:14-cv-760-JRG-RSP** |
| | § | |
| **GOOGLE INC.** | § | **JURY DEMANDED** |
| | § | |
| *Defendant*. | § | |
| | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
<u>GOOGLE'S MOTION TO DISMISS</u>**

Plaintiff Brite Smart Corp. ("Brite Smart") files this Response in Opposition to the Motion to Dismiss (Dkt. 79) filed by Defendant Google, Inc. ("Google") and would respectfully show the Court as follows:

**I.      INTRODUCTION**

Brite Smart has alleged willful infringement against Google based on Google's knowledge of the patents-in-suit, as well as its knowledge of the allegations of infringement, resulting from the filing of this lawsuit.  Google moves to dismiss Brite Smart's willful infringement allegations, primarily arguing that the Federal Circuit held in *Seagate* that willful infringement cannot be based on post-filing knowledge if the plaintiff does not seek a preliminary injunction. But as this Court, as well as many other courts, have repeatedly recognized, where, like here, the patent owner is a non-practicing entity, post-filing willfulness is not barred by failing to file a motion for a preliminary injunction.  After all, such a motion would likely be denied for reasons unrelated to the strength of the patent infringement claim. Google makes a host of other, secondary arguments why Brite Smart's willfulness allegations should be dismissed, but none have merit.

## II.     *SEAGATE* DOES NOT BAR BRITE SMART'S ALLEGATION OF WILLFUL INFRINGEMENT

Google argues that *Seagate* requires dismissing the claim for post-filing willfulness because Brite Smart has not sought a preliminary injunction (or even that *Seagate* bars all post-filing willfulness claims, whether or not a preliminary injunction is sought).  That is wrong in three ways.

First, Google relies on portions of *Seagate* that are pure dicta. In those portions of *Seagate*, the Federal Circuit only offered additional reasons why certain opinions of appellant's counsel should be privileged and not subject to discovery. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1365 (Fed. Cir. 2007) (stating that the decision "clarif[ied] the scope of the waiver of attorney-client privilege and work product protection").  This Court has thus held "the Federal Circuit's comments about post-filing damages in *Seagate* were dicta." *Affinity Labs of Tex., LLC v. Alpine Elecs. of Am.*, No. 9:08-cv-171, Dkt. 143, at 6 (E.D. Tex. Sept. 2, 2009) (Clark, J.).

Second, even if *Seagate's* dicta were followed, it expressly left open the possibility of establishing post-filing willful infringement without a preliminary injunction:

> We also recognize that ***in some cases a patentee may be denied a preliminary injunction despite establishing a likelihood of success on the merits***, such as when the remaining factors are considered and balanced.  In that event, ***whether a willfulness claim based on conduct occurring solely after litigation began is sustainable will depend on the facts of each case***.

*In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (emphasis added). Contrary to Google's assertions, "*Seagate* clearly did not create a *per se* bar to a post-filing willful infringement claim as a general rule." *See, e.g.*, *Constellation Techs. LLC v. Time Warner Cable Inc.*, 2:13-cv-1079, Dkt. 127, at 2 (E.D. Tex. Sep. 29, 2014) (Payne, Mag.).

Third, this Court, and others, have repeatedly held (in decisions that Google simply ignores, that when a plaintiff is a non-practicing entity, it makes no sense to require it to file for a

preliminary injunction in order to be allowed to allege post-filing willfulness. That is because non-practicing status disfavors preliminary injunctive relief for reasons unrelated to the merits of the patent infringement claim. *See, e.g.*, *Mobile Telecommc'ns Techs., LLC v. Sprint Nextel Corp.*, 2:12-cv-832, Dkt. 229, at 2–3 (E.D. Tex. Aug. 25, 2014) (Payne, Mag.) (noting that requiring non-practicing plaintiff to move for a preliminary injunction to preserve a claim for post-filing willful infringement would be "contrary to common sense"); *WordCheck Tech, LLC v. Alt-N Techs., Ltd.*, No. 6:10-cv-457, Dkt. 755, at 3 (E.D. Tex. July 17, 2012) (Davis, J.) (holding that requiring a non-practicing plaintiff to move for a preliminary injunction to plead post-filing willful infringement "would be an unnecessary burden on the parties and the Court"); *Affinity Labs of Tex., LLC v. Alpine Elecs. of Am.*, No. 9:08-cv-171, Dkt. 143, at 6 (E.D. Tex. Sept. 2, 2009) (Clark, J.) ("It would make little sense to implement a *per se* rule where a [non-practicing] patentee who relies solely on post-filing conduct for his willfulness claim is foreclosed from receiving enhanced damages if he does not also seek preliminary injunctive relief."). This view has been endorsed elsewhere as well. *See, e.g.*, *DataQuill Ltd. v. High Tech Computer Corp.*, 887 F. Supp. 2d 999, 1015–16 (S.D. Cal. 2011); *Inv. Tech. Group, Inc. v. Liquidnet Holdings, Inc.*, 759 F. Supp. 2d 387, 412 & n.174 (S.D.N.Y. 2010).

Brite Smart does not practice the patents-in-suit, and has decided not to seek a preliminary injunction for that reason. So under this Court's case law, Brite Smart is still allowed to pursue its willful infringement claim based on post-filing knowledge.

Google relies on *Touchscreen Gestures, LLC v. Research in Motion Ltd.*, No. 6:12-cv-263, 2013 WL 8505349, at *3 (E.D. Tex. Mar. 27, 2013), *Webmap Techs.*, 2010 WL 3768097, at *2-3, 5; *Blue Spike, LLC v. Texas Instruments, Inc.,* No. 6:12-cv-499-MHS, Order Granting Partial Dismissal, Dkt. 1006, at *5-6 (E.D Tex. Sept. 27, 2013)*; Achates Reference Pub., Inc. v.*

*Symantec Corp.,* No. 2:11-cv-294-JRG-RSP, 2013 WL 693955, at *3 (E.D. Tex. Jan. 10, 2013)*;* and *Ganas, LLC v. Dell Inc.,* No. 2:12-cv-324-JRG-RSP, Report & Recommendation, Dkt. 222, at *3 (E.D. Tex. July 25, 2013). But none of Google's cases considered whether a motion for a preliminary injunction was required of a non-practicing entity like Brite Smart. In addition, the cases considered the pleading of willful infringement in an original complaint. Here, Google is complaining of Brite Smart's First Amended Complaint.

## III. BRITE SMART HAS ADEQUATELY PLEADED WILLFULNESS

Google also argues that Brite Smart has not adequately pleaded facts to make a claim for willfulness plausible. In doing so, Google conflates the requirements for proving willfulness with the standard for pleading willfulness. Brite Smart has pleaded willful infringement to the extent that Google continues to infringe after the lawsuit began. Brite Smart has specifically pleaded that such infringement will be willful because, as a result of the filing of the lawsuit, Google is on notice of both (1) the existence of the patents-in-suit and (2) Brite Smart's allegation that Google is infringing them. These allegations, which make clear that continuing Google's infringement would be with clear notice of Brite Smart's patent rights, are more than enough to plead willfulness. *MobileMedia Ideas LLC v. HTC Corp.*, No. 2:10-cv-112, 2011 WL 4347037, at *2 (E.D. Tex. Sept. 15, 2011) (holding that "the bar for pleading willful infringement is not high"); *WordCheck Tech, LLC v. Alt-N Techs., Ltd.*, No. 6:10-cv-457, Dkt. 755, at 3 (E.D. Tex. July 17, 2012) (Davis, J.) (holding that an allegation of notice of the patents-in-suit and that continued infringement would be willful is adequate at the pleading stage).

Further, Google's assertions that Brite Smart's infringement contentions have not put Google on notice of its infringement are without merit. First, as explained above, infringement contentions are not required to put Google on notice with regard to a charge of willfulness. Second, if Google believed that Brite Smart's infringement contentions were insufficient, Google

could have moved to strike them.[1]  Google's allegations that Brite Smart has not adequately

responded to Google's interrogatories related to its invalidity contentions are inapposite.

## IV.    GOOGLE HAS PROVIDED NO BASIS TO ASSERT THAT DISMISSAL WITH PREJUDICE IS APPROPRIATE

Without providing any basis, Google requests that the Court dismiss Brite Smart's

willfulness claims with prejudice.  Google has made no attempt to show why dismissal with

prejudice would be appropriate.  Clearly, it would not be.

Federal Rule of Civil Procedure 15(a) states that "[t]he court should freely give leave [to

amend] when justice so requires." Fed. R. Civ. P. 15(a). "[T]he Rule 'evinces a bias in favor of

granting leave to amend.'" *Potter v. Bexar County Hosp. Dist.*, 195 Fed. App'x 205, 208 (5th

Cir. 2006) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (1981)).  "The policy of

the federal rules is to permit liberal amendment to facilitate determination of claims on the merits

and to prevent litigation from becoming a technical exercise in the fine points of pleading.  Thus,

unless there is a substantial reason to deny leave to amend, the discretion of the district court is

not broad enough to permit denial." *Potter v. Bexar County Hosp. Dist.*, 195 Fed. App'x. 205,

208 (5th Cir. 2006) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (1981)).

The injustice of a dismissal with prejudice is plain.  It is possible that discovery could

reveal that a Google had pre-filing knowledge of the patents-at-issue and knowingly, willfully,

and indirectly infringed them anyway.  Yet a dismissal without leave to amend would forever

foreclose Brite Smart from pursuing its infringement allegations, even in light of this later-

discovered evidence.

---

[1] Brite Smart served its first set of infringement contentions on Google on November 3, 2014.
Thereafter, Brite Smart served two additional supplements on Google.  *See* Dkt. 81.  Brite
Smart's most recent infringement contentions comprise a total of 309 pages.

## V.      CONCLUSION

For the foregoing reasons, the Court should deny Google's motion to dismiss. But if the Court grants any part of the motion, any dismissal should be without prejudice.

DATED: May 11, 2015                    Respectfully submitted,

/s/ *Robert Katz*___
Robert D. Katz
Lead Attorney
State Bar No. 24057936
Email: rkatz@katzlawpllc.com
**KATZ PLLC**
6060 N. Central Expressway, Suite 560
Dallas, TX 75206
Phone: (214) 865-8000

Stafford Davis
State Bar No. 24054605
Email: sdavis@stafforddavisfirm.com
**THE STAFFORD DAVIS FIRM, PC**
305 South Broadway
Suite 406
Tyler, TX 75702
Phone: (903) 593-7000
Fax: (903) 703-7369
**ATTORNEYS FOR PLAINTIFF**
**BRITE SMART CORP.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on date indicated above.

/s/ *Robert Katz*___
Robert Katz