IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BRITE SMART CORP. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civ. Action No. 2:14-cv-760-JRG-RSP |
| | § | |
| GOOGLE INC. | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |
| | § | |

**PLAINTIFF'S OPPOSED MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff Brite Smart Corp. ("Brite Smart" or "Plaintiff"), by and through its attorneys of record, hereby moves the Court for leave to file its Second Amended Complaint for Patent Infringement.

## I. INTRODUCTION

Brite Smart seeks to amend its active complaint, the First Amended Complaint (Dkt. 74), against Defendant Google Inc. ("Google" or "Defendant") to add an allegation of willfulness based on activities prior to the filing of the suit. Brite Smart's active complaint includes a claim of post-filing willful infringement. The new amendment is based in relevant part upon the recent discovery of evidence that provides a sufficient basis to allege Google's pre-filing awareness of the asserted U.S. Patent No. 7,249,104 (the "'104 patent") (and the other patents in the same patent family) as shown on HARRITY-0000734 and HARRITY-0000745. Exs. 5 & 6. As explained in detail below, Brite Smart has diligently pursued discovery in this case while Google has repeatedly failed to meet its discovery obligations.

1

## II. ARGUMENT

Plaintiff seeks leave of the Court to amend its complaint pursuant to Fed. R. Civ. P. 15(a)(2), whereby a court "should freely give leave when justice so requires." Reasons for denying leave include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party and futility of amendment. None of these reasons for denying leave are present here. Brite Smart filed its original complaint on July 10, 2014, and its First Amended Complaint (and active complaint) on April 9, 2015.

On February 13, 2015, Brite Smart propounded the following interrogatory on Google (Dkt. 80-8 at 11):

> INTERROGATORY NO. 16: Identify the date when and the facts and circumstances surrounding Google's first awareness of the Patents-in-suit and the applications leading to the Patents-in-suit, including: an identification of the date and circumstances under which you first became aware of the patent or application; an identification of the persons employed by or otherwise acting on your behalf who became aware of the patent or application; whether Google sought and/or obtained any opinion(s) of counsel regarding the Patents-in-suit; and an identification of the documents and other evidence reflecting such awareness.

On March 19, 2015, Google responded as follows (excluding objections) (Dkt. 80-9 at 10):

> RESPONSE TO INTERROGATORY NO. 16: Subject to its objections, Google responds that this interrogatory improperly seeks evidence related to the willfulness allegations contained in Brite Smart's Amended Complaint. The Court has not granted, and Google has opposed, Brite Smart's Motion to Amend its Complaint. Google is continuing to investigate the subject matter of this interrogatory and reserves the right to supplement its response to the extent it locates any non-privileged, relevant documents or information responsive to this interrogatory and if the Court grants Brite Smart's Motion to Amend.

On February 23, 2015, Brite Smart propounded the following request for production on Google (Dkt. 80-13 at 10):

> REQUEST FOR PRODUCTION NO. 168: All documents concerning any invention disclosures or pending or abandoned patent applications relating to click-fraud.

On March 30, 2014, Google responded to RFP 168 (Dkt. 80-14 at 2):

> This request is vague and ambiguous, and overbroad. It is also unduly burdensome and harassing. This request also impermissibly seeks documents covered by attorney-client, work product, or other applicable privilege. We have already produced pending or abandoned patent applications relating to "click-fraud," as identified after a reasonably diligent search.

On May 4, 2015, Brite Smart moved to compel a complete response to Interrogatory No. 16 and Request for Production No. 168. Dkt. 80 at 7-8, 10.

On May 8, 2015, Brite Smart issued subpoenas to the person and firm believed by Brite Smart to have performed patent prosecution services for Google in the field of click-fraud detection: John E. Harrity and Harrity & Harrity LLP (collectively "Harrity"). Exs. 1 & 2. On May 22, 2015, Brite Smart received responses and objections to the subpoenas, along with notification that Google's counsel, Quinn Emanuel Urquart & Sullivan, LLP, was representing Harrity. Exs. 3 & 4. Counsel for Harrity made available documents responsive to the Harrity subpoenas on May 28, 2015. Ex. 7. On June 8, 2015, Brite Smart found within the prosecution history of one of Google's patent applications the references to the '104 patent asserted in the present litigation. Brite Smart notified Google on the same day, June 8, 2015, that it planned to amend its complaint to include an allegation relating to Google's pre-filing awareness of the asserted '104 patented as shown on HARRITY-0000734 and HARRITY-0000745. Katz Decl. ¶ 10; Exs. 5 & 6.

The '104 patent was identified in a March 26, 2008 notice of allowance from the United States Patent and Trademark Office concerning Google Application No. 10/810,723, which cited the '104 patent as prior art of record. Ex. 6 at HARRITY-0000745. The '104 patent was also identified in a July 28, 2008 office action from the United States Patent and Trademark Office as prior art of record in connection with the same Google application. Ex. 5 at HARRITY-0000734.

On June 8, 2015, Google supplemented its response to Interrogatory No. 16 to confirm the disclosures, while stating that Google did not have actual knowledge of the contents of the '104 patent at the time of the referenced disclosure. Ex. 8.

In summary, Brite Smart has diligently pursued discovery from Google. Brite Smart propounded an Interrogatory relevant to the amendment sought in this motion, to which Google failed to substantively respond, and is now a subject of one of Brite Smart's Motions to Compel (Dkt. 80). Brite Smart also propounded a Request for Production, which was necessary because Google failed to comply with paragraph 3(b) of the Discovery Order (Dkt. 36). The Request for Production was also relevant to the amendment sought in this motion. Google failed to substantively respond to the Request for Production, a failure which is also now a subject of a Motion to Compel (Dkt. 80). It was only when Brite Smart subpoenaed documents directly from Google's patent prosecution counsel, did Brite Smart obtain the information that is the basis for this amendment to its complaint.

Brite Smart's proposed amendment is made in good faith, is not futile, and will not cause unfair prejudice to Defendant. For all these reasons, as well as the pleadings, records and files herein which this Court may properly take judicial notice, and upon

such other and further evidence and argument as the Court may receive prior to its decision, Brite Smart respectfully moves the Court for an order granting Brite Smart leave to file the proposed Second Amended Complaint.

### III. CONCLUSION

For the foregoing reasons, Brite Smart respectfully requests that the Court grant Brite Smart leave to file its Second Amended Complaint.

DATED: June 11, 2015

Respectfully submitted,

/s/ *Robert Katz*
Robert D. Katz
Lead Attorney
State Bar No. 24057936
Email: rkatz@katzlawpllc.com
**KATZ PLLC**
6060 N. Central Expressway, Suite 560
Dallas, TX 75206
Phone: (214) 865-8000

Stafford Davis
State Bar No. 24054605
Email: sdavis@stafforddavisfirm.com
**THE STAFFORD DAVIS FIRM, PC**
305 South Broadway
Suite 406
Tyler, TX 75702
Phone: (903) 593-7000
Fax: (903) 703-7369

**ATTORNEYS FOR PLAINTIFF
BRITE SMART CORP.**

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Plaintiff has complied with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed. The conference required by Local Rule CV-7(h) was conducted between June 9, 2015 and June 11, 2015 between Robert Katz, counsel for Plaintiff Brite Smart Corp. and Michelle Clark and David Perlson, counsel for Defendant Google Inc. The parties were unable to reach agreement regarding the relief sought in this motion.

/s/ *Robert Katz*___
Robert Katz

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on date indicated above.

/s/ *Robert Katz*___
Robert Katz