IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **BRITE SMART CORP.** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civ. Action No. 2:14-cv-760-JRG-RSP |
| | § | |
| **GOOGLE INC.** | § | **JURY DEMANDED** |
| | § | |
| *Defendant*. | § | |
| | § | |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO
GOOGLE'S MOTION FOR LEAVE TO SUPPLEMENT INVALDITY CONTENTIONS**

Plaintiff Brite Smart Corp. ("Brite Smart") files this Surreply to Google's Reply (Dkt. 117) to Brite Smart's Opposition (Dkt. 98) to Google Inc.'s ("Google") Motion for Leave to Supplement Invalidity Contentions (Dkt. 82) and would respectfully show the Court the following.

An important reason for Brite Smart's opposition to Google's supplementation involved the scope of Google's supplementation. In its March 15, 2015 letter, Google proposed supplementation whereby Google would "update its invalidity contentions to respond to Brite Smart's new infringement positions and allegations." *See* Dkt. 82-2 at 5 (emphasis added). However, Google later changed the terms of their proposal so that Google would be allowed to "identify new evidence and art discovered since its initial contentions were served." *See* Dkt. 82-3 at 5. That is, Google's modified proposal sought to allow Google to supplement without regard to any of the amendments Brite Smart made to its infringement contentions. Indeed, a cursory glance at Google's proposed supplementation attached to its Motion reveals that

1

Google's supplementation has no connection to Brite Smart's amended infringement contentions. *Compare* Dkt. 82-12 through 82-39 *with* Dkt. 110-8 through 110-19.

Google does not deny that it never provided its proposed supplemental invalidity contentions until the filing of its Motion. See Reply at 1. Google's attempts to deflect responsibility for its lack of diligence should be rejected.

I. **GOOGLE HAS FAILED TO SHOW DILIGENCE IN SEEKING LEAVE TO AMEND ITS INVALIDITY CONTENTIONS.**

Google argues that it has never relied on Brite Smart's supplementation of its infringement contentions as a basis for supplementing its invalidity contentions. Google is mistaken. First, Google mentioned Brite Smart's Infringement Contentions twelve times in its brief. Second, as explained above, in its March 15, 2015 letter, Google proposed supplementation whereby Google would "update its invalidity contentions to respond to Brite Smart's new infringement positions and allegations." *See* Dkt. 82-2 at 5 (emphasis added).

Google suggests that it was unable to begin its prior art search until Brite Smart served its infringement contentions on November 3, 2014. Yet, Google fails to explain why it could not have begun its prior art search when it was served with Brite Smart's original complaint on July 14, 2014. *Accord* Dkt. 8

Google suggests that its service of 18 subpoenas on third parties provides evidence of diligence. Reply at 3; *see also* Dkts. 45-46. In this case, despite serving all of those subpoenas, Google did not collect a single document or conduct a single deposition in response to any of those subpoenas. And Google has not cited a single document or deposition. Google's failure to follow up on its subpoenas provides further evidence of its lack of diligence.

Google failed to account for the nearly three months of inaction from the time that it served its invalidity contentions on December 14 through late February. The declaration Google

2

attaches to its Reply is of no help and fails to provide testimony of any specific steps taken during any period of Google's alleged diligence.  See Dkt. 117-1.

## II.     GOOGLE HAS FAILED TO DEMONSTRATE THE IMPORTANCE OF ITS ATTEMPTED SUPPLEMENTATION.

In its Motion, Google argued in conclusory fashion, that its proposed supplementation "is important to Google's case."  Motion at 9.  In its Reply, Google argues that the material "is *vitally* important to Google's case".  Reply at 3 (emphasis added).  But Google still fails to demonstrate the importance of its attempted supplementation.  Google's reference to its preliminary election of prior art (filed in connection with the Joint Motion for Entry of an Order Focusing Patent Claims and Prior Art to Reduce Costs – Dkt. 76-1) similarly fails to provide any explanation regarding importance of the proposed supplementation.  *See* Resp. at 3 citing Dkt. 117-2.  Nowhere in its Motion or Reply does Google explain even the subject matter of the additional references, much less how these references, if supplemented to its original infringement contentions, would render a particular patent invalid or even be non-cumulative in light of the over 100 detailed claim charts that Google states it already served.

## III.    BRITE SMART WOULD BE PREJUDICED BY GOOGLE'S SUPPLEMENTATION.

In its Reply, Google asserts that its delay was Brite Smart's fault.  Reply at 4.  Brite Smart disagrees. Brite Smart tendered its supplemental infringement contentions as soon as they were available.  Google should have tendered its invalidity contentions as soon as they were available.  Instead, Google unreasonably delayed.  Google offers no explanation for its delay, which is in tension with this Court's expectations.  *See CoreLogic Information Solutions, Inc. v. Fiserv, Inc.*, No. 2:10-cv-132-RSP (E.D. Tex. Sep. 12, 2012) ("[Plaintiff's] prejudice could have been lessened if Defendants had disclosed their detailed invalidity contentions based upon the Stockton prior art when they first learn of it".)

3

Brite Smart would be prejudiced by allowing Google's supplemental invalidity contentions. Google sought leave to amend the invalidity contentions on May 5, 2015. This was more than three weeks after the parties submitted their Joint Claim Construction and Prehearing Statement on April 10, 2015, and approximately two months before the scheduled Claim Construction hearing. *See Innovative Display Technologies LLC v. Acer Inc.*, No. 2:13-cv-00522-JRG (E.D. Tex. June 19, 2014) (finding that Plaintiff would be prejudiced by Amended Invalidity Contentions where Defendants sought leave to amend about two months before the scheduled Claim Construction hearing, and after the parties had submitted their Joint Claim Construction and Prehearing Statement.)

## IV.   CONCLUSION

For the reasons stated above, Google's Motion for Leave to Supplement its Invalidity Contentions should be denied in its entirety.

DATED: June 15, 2015                      Respectfully submitted,

/s/ *Robert Katz*___
Robert D. Katz
Lead Attorney
State Bar No. 24057936
Email: rkatz@katzlawpllc.com
**KATZ PLLC**
6060 N. Central Expressway, Suite 560
Dallas, TX 75206
Phone: (214) 865-8000

Stafford Davis
State Bar No. 24054605
Email: sdavis@stafforddavisfirm.com
**THE STAFFORD DAVIS FIRM, PC**
305 South Broadway
Suite 406
Tyler, TX 75702
Phone: (903) 593-7000
Fax: (903) 703-7369

**ATTORNEYS FOR PLAINTIFF**
**BRITE SMART CORP.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on date indicated above.

/s/ *Robert Katz*
Robert Katz