NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**In re: GOOGLE INC.,**
*Petitioner*

2015-138

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:14-cv-00760-JRG-RSP, Magistrate Judge Roy S. Payne.

**ON PETITION**

Before NEWMAN, LINN, and O'MALLEY, *Circuit Judges*.

NEWMAN, *Circuit Judge*.

**O R D E R**

Google Inc. seeks a writ of mandamus to direct the United States District Court for the Eastern District of Texas to stay proceedings and rule on Google's pending motion to transfer venue.

This petition arises out of a patent infringement suit filed against Google by Brite Smart Corp. in July 2014, which was assigned to a magistrate judge. On October 24, 2014, Google moved to transfer the case to the United States District Court for the Northern District of Califor-

nia. The magistrate judge received Brite Smart's response on November 10, 2014, and Google's reply and Brite Smart's surreply by December 1, 2014, but has yet to rule on the motion. Nonetheless, the magistrate judge has ordered the parties to engage in extensive discovery, including the taking of depositions and exchanging infringement and invalidity contentions, and held a Markman hearing.

At times, a lengthy delay in ruling on a request for relief can amount to a denial of the right to have that request meaningfully considered. *See, e.g., Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990) (granting a petition for a writ of mandamus because the "delay in this [habeas corpus] case for no reason other than docket congestion [wa]s impermissible"); *Pub. Citizen Health Research Grp. v. Comm'r, Food & Drug Admin.*, 740 F.2d 21, 32 (D.C. Cir. 1984) ("At some point administrative delay amounts to a refusal to act . . . .") (internal quotation marks and citation omitted)).

In the context of transfer of venue motions, lengthy delays have the ability to frustrate 28 U.S.C. § 1404(a)'s intent to "prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense,'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26, 27 (1960)), when defendants are forced to expend resources litigating substantive matters in an inconvenient venue while a motion to transfer lingers unnecessarily on the docket.

We, like other courts, have therefore stressed "the importance of addressing motions to transfer at the outset of litigation." *In re EMC Corp.*, 501 F. App'x 973, 975 (Fed. Cir. 2013); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) ("[I]n our view disposition of that [transfer] motion should have taken a top priority in the handling of this case by the . . . District Court."); *McDon-*

*nell Douglas Corp. v. Polin*, 429 F.2d 30, 30-31 (3d Cir. 1970) ("We feel it is not proper to postpone consideration of the application for transfer under 1404(a) until discovery on the merits is completed since it is irrelevant to" the "question of transfer.").

Here, Google filed its motion to transfer approximately eight months ago. Yet, despite the obligation to "promptly conduct" such proceedings, Fed. R. Civ. P. 72(a), there has been no ruling, not even a hearing. Meanwhile, the magistrate judge has pressed forward with the case, proceeding through to the close of discovery and conducting both a Markman hearing and a hearing related to several discovery disputes. Brite Smart makes much of the fact that Google moved to supplement its motion to transfer. However, Google's supplement amounted to less than two pages highlighting seven lines of deposition testimony. It does not account for the previous months of district court indecision. And Google expressly asked the district court to deny the request if it meant further delay on the transfer motion.

Given this passage of time and magistrate judge's ordering of substantive development of the case, Google has made a compelling case that the magistrate arbitrarily refused to consider the merits of its transfer motion. We therefore direct the magistrate to rule on the motion to transfer within 30 days and to stay all proceedings pending completion of the transfer matter. We remind the lower court that any familiarity that it has gained with the underlying litigation due to the progress of the case since the filing of the complaint is irrelevant when considering the transfer motion and should not color its decision. *See EMC*, 501 F. App'x at 976.

Accordingly,

IT IS ORDERED THAT:

The petition is granted to the extent that the lower court must issue a decision on Google's transfer motion within 30 days of the date of this order and stay all other proceedings pending final resolution of the transfer motion.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s24